## 29504. THIGPEN *v.* BITUMINOUS CASUALTY CORPORATION.

DECIDED MAY 15, 1942.

*Gazan, Walsh & Bernstein,* for plaintiff in error.
*Ernest J. Haar,* contra.

FELTON, J. Bituminous Casualty Corporation sued Jack Thigpen on an insurance policy providing indemnity to it for payments made for injuries to employees of the defendant who were engaged in sawmill, logging, or lumbering operations. The suit was instituted to recover $214 which the plaintiff was required to pay to an employee who was injured while engaged in the named operations, and which the indorsement on the policy sued on provided that the employer would repay to the plaintiff. The court passed the following order: "It appearing to the court that the within case was regularly called on May 6, 1941, and there being no pleadings filed by the defendant, an order, 'In default' was entered upon the docket; and the defendant had until the opening of court on May 12, 1941, at 10:00 a. m. to file pleadings to avoid having this case being declared in default; and prevent judgment being rendered against him, and it further appearing that on May 13, 1941, at 9:50 a. m. the defendant filed an answer and demurrer, and it further appearing that the defendant has not complied with the law and the statutes made and provided in such cases; now therefore, upon motion made by the plaintiff, the answer and demurrer filed by the

368

defendant is hereby stricken and dismissed." Judgment was rendered in favor of the plaintiff. The court then passed a nunc pro tunc judgment overruling the defendant's motion to dismiss the action, which motion was made before the judgment set forth above was rendered. The defendant excepted to the final judgment, to the judgment dismissing the answer denying the paragraphs of the petition and the general demurrer to the petition, and to the judgment overruling the oral motion in the nature of a general demurrer to dismiss the action.

The court erred in overruling the motion to dismiss the action in the nature of a general demurrer. The indorsement on the policy sued on, a copy of which was allegedly attached to the petition, provided that it was not valid unless issued and countersigned by an authorized representative. It was not so signed, and the defendant was not liable for the amount sued for under the other provisions of the policy. Assuming for the sake of argument that the court was correct in ruling that the written demurrer and answer were filed too late, the defendant had the right, at any time before verdict and even though no answer or demurrer had been filed, to move to dismiss on the ground that the petition stated no cause of action. *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731); *Kelly* v. *Strouse,* 116 *Ga.* 872 (5 *a*) (43 S. E. 280); *Hobbs* v. *Citizens Bank of Wrens,* 32 *Ga. App.* 522 (8) (124 S. E. 72). Cases cited by the defendant in error to the effect that amendable defects are cured by verdict are inapplicable here, because the motion in this case was made before verdict and not after. It is not necessary to decide whether the court erred in dismissing the answer. If a material amendment to the petition is offered and allowed the defendant has the right to plead thereto. The court erred in overruling the motion to dismiss the action.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*