32273. ODOM *et al. v.* ATLANTA AND WEST POINT RAILROAD CO.

Decided January 21, 1949.

478

*J. V. Poole, E. A. Wright, Clifford Oxford Jr.,* for plaintiffs.

*Heyman, Howell & Heyman, Morris B. Abram,* for defendant.

FELTON, J. The rule in *Bloodworth* v. *Jones,* 191 *Ga.* 193 (11 S. E. 2d, 658), seems to control this case. It was there held that "the statute vests the right to sue in the first instance in the widow, and so long as she lives neither the children nor any one for them can institute such action." This court can not legislate an exception into the plain words of the statute. See Code, § 105-1302. The same case holds that "the statute makes no provision for a case where the widow declines to sue," and we submit that that ruling means where she declines to sue fraudulently or otherwise. Where the Supreme Court had a reason as compelling as the one presented here for deviating from the rule of strict construction, *Watson* v. *Thompson,* 185 *Ga.* 402 (195 S. E. 190), it adhered to the rule. The result is a harsh one as we see it but a correction of the injustice, if it is one, lies with the legislature which has either not been informed of the rulings or has by its inaction approved them.

There are two other contentions made by the plaintiffs in error which we feel called on to answer. It is contended that when

the mother of the plaintiffs died the right to sue for their father's homicide vested in them. We do not agree with this contention. The right to sue for a homicide does not vest in any one until the homicide occurs. There is nothing we could add to that statement to improve on it. The next contention is that the word "widow" in the statute is used ·in the sense of "mother." Neither can we agree with this contention. The word widow is used to identify the person who was the wife of the deceased at his death and not to designate one according to her relationship to the children. Unwanted results may follow the death of one who has married the second time but that question also is one for the legislature and not the courts.

The court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*