45788. ATLANTA NEWSPAPERS, INC. v. SHAW.

WHITMAN, Judge. Carol English Shaw filed a complaint, in her individual capacity, alleging that her husband was killed instantly on December 28, 1967, near Murphy, North Carolina, when a servant and employee of the defendant negligently and recklessly drove a motor vehicle into another motor vehicle driven by the decedent. She sought a recovery for the full value of the life of her husband as damages.

The above complaint was filed in the Superior Court of Fulton County on May 20, 1968.

The defendant answered on June 18, 1968, denying the material allegations.

On May 21, 1970, the defendant filed a motion to dismiss the complaint on the ground that it stated no claim upon which relief could be granted.

On May 27, 1970, an amendment to the complaint was filed, to wit: "By inserting in the style of this case, immediately after the words 'Carol English Shaw,' the following language: 'Individually and as Administratrix of the Estate of Haywood Cecil Shaw.'"

The amendment also set forth the citations and language of several general statutes of North Carolina which provide, in effect, that when a person dies, all his demands and rights to prosecute actions shall survive to the executor or administrator of his estate; and that when the death of a person is caused by the wrongful act, neglect or default of another such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable shall be liable to an action for damages to

be brought by the decedent's executor or administrator.

With regard to such amendment, the court entered the following order: "Plaintiff's first amendment to the complaint having been read and considered, let the same be filed as an amendment to the complaint in this case. Said amendment shall relate back to the date of filing of the original complaint and be effective as of said date."

The defendant then moved to strike the amendment and to set aside the above order on the ground that the original complaint, by making no reference to any statutory action under North Carolina law, was predicated presumably upon a common law right of action; and there was, in fact, no common law right of action for wrongful death and the original complaint therefore failed to state a claim; that as a matter of procedure under Georgia law a suit cannot be amended so as to change the basis of liability from common law to statutory; and that the collision and the resultant death of the decedent occurred more than two years from the date of filing of the purported amendment causing the action under the North Carolina statute to be barred by the statute of limitation of both Georgia and North Carolina.

The defendant's motion to dismiss and motion to strike were denied. The order thereon was certified for review, appealed from, and enumerated as error. *Held:*

1. The appellant contends that since the original complaint did not plead or indicate any reliance on the North Carolina statute, a presumption arose that the plaintiff was basing her right to recover on the common law, but since the common law did not recognize a right of action for wrongful death, the plaintiff's complaint, therefore, stated no claim for which relief could be granted. The appellant points out that the plaintiff's amendment, which for the first time introduced a North Carolina statute into the case, did not come until more than 2 years after the tort allegedly occurred. Then it is argued that, although complaints which are merely defective in stating a claim can be perfected by amendments, the complaint in this case was completely defunct in stating a claim; that the defunct complaint did not toll the running of the limitation period and cannot

now be vitalized by filing an amendment stating a claim and have it relate back in time to the time the original defunct complaint was filed.

The appellant's argument depends for its success on the assumption that foreign law must be pleaded if relied upon and in the absence thereof the common law will be presumed to apply. The argument was valid prior to the enactment of the Civil Practice Act. See *Green v. Johnson,* 71 Ga. App. 777 (32 SE2d 443).

The Civil Practice Act has drastically changed pleading requirements. Prior thereto, for example, ordinances of counties and cities which were relied on had to be pleaded and proved as matters of fact. See citations in *Reeves v. Morgan,* 121 Ga. App. 481 (1) (174 SE2d 460). In reversing the last cited case on such point our Supreme Court, noting a paramount purpose of the CPA as the simplification of procedure, held: "[T]here is now no requirement that municipal ordinances be specifically pleaded as a prerequisite to their admission in evidence." *Morgan v. Reeves,* 226 Ga. 697, 699 (177 SE2d 68).

What of the necessity to plead foreign law, i.e., as between states? The practice under the Federal Rules of Civil Procedure is that "it is not necessary to plead state law, whether it be the forum state's law or the law of another state." 5 Wright & Miller, Federal Practice & Procedure: Civil, § 1253; 2A Moore's Federal Practice 1782, § 8.17[10]. The reason is that federal courts take judicial notice of the laws of every state of the union. It must be observed that in those cases where the claim presented in the forum must of necessity rely on outside law, but such law is not pleaded, the federal practice of taking judicial notice of all state laws would not operate so as to specify the particular law upon which the claim is dependent, yet it is held that such a complaint nevertheless states a claim for which relief may be granted. Rothschild v. Ritter (D. C. Pa. 1945) 4 FRD 495.

Perhaps more analogous is the practice in federal courts where a claim relies on the law of a foreign country of which the federal courts do not take judicial notice. Rule 44.1 does not demand that such law be pleaded. Rather it provides: "A party who intends to raise an issue concerning the law of a foreign

country shall give notice in his pleadings or other reasonable written notice . . ." Before the adoption of Rule 44.1 the federal courts generally held that foreign country law was to be treated as a fact which must be pleaded or no claim would have been stated because of failure to allege an essential fact. But Rule 44.1, it is said, adopts the view in Siegelman v. Cunard White Star, Ltd., 221 F2d 189 (2d Cir. 1955), wherein it was held that it was not necessary to plead the foreign country law there involved since Rule 8 requires only a statement of a claim that shows the pleader entitled to relief, and does not require the pleader to state the legal theory on which he rests his claim. See 5 Moore's Federal Practice 1655, § 44.1.03.

The Georgia Civil Practice Act contains the equivalent of Federal Rule 44.1. See *Code Ann.* § 81A-143 (c) (Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108). The Georgia CPA also contains the equivalent of Federal Rule 15 (*Code Ann.* § 81A-115; Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106), and it provides: "(a) *Amendments.*—A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order . . . (c) *Relation back of amendments.*— Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

We hold that the original complaint in the case sub judice, which is attacked for not pleading the law of North Carolina, did not fail to state a claim on that account. It was sufficient in stating a claim as measured by notice pleading standards. It was filed within the limitation period and served to toll it. The amendment thereto was allowable and would relate back under the quoted CPA provisions immediately above. Whether the pleader sufficiently met the obligation imposed on her by the rather indefinite requirements of the previously discussed CPA provision (*Code Ann.* § 81A-143 (c), supra), relating to the law of another state, we believe was a matter best decided by the trial court having regard to the status and progress of the case. His decision thereon would not be reversible except for an abuse of discretion.

2. The change in parties effected by the amendment is also attacked. The North Carolina statute which authorizes the action provides that it is to be brought by the decedent's personal representative. The appellant's argument is that not until after the statute of limitation has run has anyone with authority to bring and maintain the action been brought into the case; that such a party plaintiff is essential to the statement of a claim; and that a change cannot be made by amendment to relate back and save the case from the bar of the statute.

As previously discussed, the amendment meets the fundamental conditions of *Code Ann.* § 81A-115 (a), (c), supra. With regard to amendments which involve a change in the capacity of parties, the following observation has been made about practice under the Federal Rules: "When amendments are offered which seek a change in the capacity or identity of parties, all of the factors discussed in the preceding subparagraph, such as delay and prejudice, are relevant to the court's decision. In addition such amendments may raise special problems where it is arguable that, in effect, allowing the amendment would constitute the commencement of a new action.

"The new action question has arisen frequently in cases involving a change in the capacity of the plaintiff or the substitution of different parties. *An amendment changing the capacity in which the plaintiff brings the action is permissible even after the statute of limitations has run, and since such amendment does not change the parties before the court, it should be liberally granted . . ."* (Emphasis supplied.) 3 Moore's Federal Practice 919, § 15.08 [5]. See Russell v. New Amsterdam Casualty Co. (8th Cir.), 303 F2d 674; Smith v. Potomac Edison Co. (DC Md.) 165 FSupp. 681; Owen v. Paramount Productions, Inc. (DC SD Cal.), 41 FSupp. 557. Also see Holmes v. Pennsylvania New York Central Transp. Co., 48 FRD 449, decided with regard to the 1966 amendment to Federal Rule 15 (c), but which amendment is not contained in the Georgia Civil Practice Act.

In Russell v. New Amsterdam Cas. Co., supra, it appears to have been held in respect of the right of a plaintiff who sues in an individual capacity to amend to sue in a representative capacity, the personal interest of the plaintiff in the recovery is a

material factor, and in support of this view the court quotes from Harvard Law Review, italicizing a portion thereof, and also from Missouri, Kans. & Tex. R. Co. v. Wulf, 226 U. S. 570 (33 SC 135, 57 LE 355), quoting therefrom, and also a statement by Judge Whittaker, later a Justice of the U. S. Supreme Court, in St. Paul Fire &c. Ins. Co. v. Continental Bldg. &c. Co. (W. D. Mo.), 137 FSupp. 493, 494, where it was stated: "It is clear from an unbroken line of decisions in Missouri that if a suit is brought by one who has no legal right to maintain it, yet, who has a *beneficial interest in the subject matter of the action*, the substitution of a proper plaintiff will relate back to the time of filing of the original action," etc.

In the case sub judice the plaintiff had a beneficial interest in the subject matter of the action. In this connection see General Statutes of N. C., Vol. 2A, § 28-173; § 29-14. See also § 28-174. Cf. § 28-174 in 1969 Cumulative Supplement.

The complaint set out in plaintiff's amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," within the purview of *Code Ann.* § 81A-115. The defendant is not prejudiced by the amendment changing the capacity in which plaintiff brings the suit.

The trial court did not err in denying the appellant's motion to dismiss the complaint and motion to strike the amendment.

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 11, 1971—DECIDED MAY 18, 1971—
REHEARING DENIED JUNE 4, 1971.

*Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, William H. Schroder, Jr.,* for appellant.

*Shoob, McLain & Jessee, C. James Jessee, Jr., Christopher D. Olmstead, Benjamin Smith, Jr., Leon A. Wilson, II,* for appellee.