### 27104. WHEELER v. WHEELER.

JORDAN, Justice. The final judgment and decree in the action for divorce by Hester McCollum Wheeler against John Robert Wheeler in Cobb Superior Court, dated April 17, 1970, includes the following provisions:

"Plaintiff is awarded the marital abode subject to a valid and subsisting first mortgage thereon. The defendant herein shall pay and keep current any and all inferior mortgages except the first mortgage on said marital abode and shall pay the instalments on said inferior mortgage as they are due and payable. . . .

"Plaintiff is awarded the household furniture, fixtures and equipment acquired by the parties during their marriage and now situated in the marital abode at Route 10, Clay Drive, Marietta, Georgia.

"It is ordered that each of the parties make, execute and deliver each and every document or writing which may be necessary to fulfill the obligations and requirements imposed by this judgment and decree so as to vest title in said parties according to the terms hereof."

On October 20, 1971, the plaintiff moved that the defendant be attached for contempt by reason of his "willful failure to comply with the orders of this court by his refusal to convey the property described herein to the movant. . ."

In response the defendant asserted that the intent of the

language of the final judgment and decree was to vest the plaintiff only with the right of possession of the marital abode while she had custody of their minor children, and that she lost this right when she lost the custody of the minor children on April 13, 1971. He asserted further a pending equitable petition seeking a modification of the final judgment and decree on the ground of accident and mistake to the extent that it required him to convey the marital abode to his former spouse. It appears from this petition that the marital abode either consists of a parcel of improved property described as Tract I, or includes as well another parcel described as Tract II. From the descriptions it appears that the north border of Tract I is the south border of Tract II. This complaint was verified by the defendant on October 22, 1971, and he states in his brief that he commenced the action prior to the time he was served with the citation for contempt on the same date.

The defendant appeals from an order of the trial judge refusing to stay the contempt proceeding and adjudging him to be in contempt for failure to execute and deliver a deed and vest title in the plaintiff in the property as required by the final judgment and decree dated April 17, 1970. The order recites that the parties stipulated that the defendant had refused to execute and deliver a deed to any real property. This fact is also admitted in the response of the defendant to the motion. *Held:*

1. The contempt proceeding was entitled to priority over the equitable petition if it was first commenced and service perfected. It is settled law that the priority of pending actions is determined by the dates of filing, if service has been effected. See *Code Ann.* § 81A-103; *Sweat v. Barnhill,* 171 Ga. 294 (6) (155 SE 18); *McFarland v. McFarland,* 151 Ga. 9 (2) (105 SE 596). The record discloses that the contempt proceeding was filed on October 20, 1971, and that service was effected on October 22, 1971. The defendant alleged in his answer that he filed the equitable petition on October 22, 1971. The trial

judge did not err in refusing to stay the contempt proceeding pending trial of the equitable action instituted by the defendant.

2. We do not view the response of the defendant to the contempt proceedings, to the extent that he asserts that the language of the final judgment and decree is the result of accident and mistake, or a mutual mistake, as meeting the requirements for setting aside a judgment for accident or mistake by a complaint in equity under the provisions of *Code Ann.* § 81A-160 (e, f). Instead, it is obvious that he sought relief of this nature only by his equitable petition, filed separately. While he asserts that the trial judge failed to consider his defense and acted without hearing any evidence, the record is totally silent as to any attempt by the defendant to present any evidence to support his contention that he had not complied with the judgment because the judgment was the result of accident or mistake, or mutual mistake. The assertions of error in this respect are without merit.

3. The defendant admittedly having conveyed nothing to the plaintiff to meet his obligation under the award to her of "the marital abode subject to a valid and subsisting first mortgage thereon" he is, by his own admission, in contempt. Unless modified or set aside by an appropriate action, the final judgment and decree means exactly what it says. In this respect there is a total absence of any language which could be interpreted or construed in any way to establish that the plaintiff only had a right to possession of the marital abode while she had custody of the children. The award of the marital abode is absolute and unconditional.

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 15, 1972—DECIDED APRIL 20, 1972.

*Vernon W. Duncan,* for appellant.
*J. A. Cochran,* for appellee.