53526. HENDON v. PONDEROSA INSURANCE ADJUSTERS et al.
53527. UNIGARD INSURANCE GROUP v. PONDEROSA INSURANCE ADJUSTERS.

WEBB, Judge.
Mary Hendon was involved in an automobile collision with a U-Haul rental truck which was leased to, and driven by, the Shells. She brought suit against them

and the U-Haul companies contending that driver Shell was negligent and that U-Haul provided a defective vehicle.

At the time of the collision a policy of insurance was in effect covering U-Haul's liability up to a limit of $300,000. By endorsement the policy also covered defendants Shell as permissive users under the following omnibus clause:

"Persons Insured

"Each of the following is an insured under this insurance to the extent set forth below:

\* \* \* \* \*

"(c) Any other person subject to limit of liability equal to the minimum limits of liability specified by the Financial Responsibiity Law of the State in which the accident occurs;

\* \* \* \* \*

"Provided the actual use of the automobile is with the permission of the named insured and within the scope of such permission."

Notwithstanding this limit of liability plaintiff contended that the policy extended coverage to the Shells up to a limit of $300,000, which prompted the insurer to bring the present declaratory judgment action seeking to have declared the limits of its liability. The trial court concluded at the end of its order:

"There seems to be no ambiguity or contradiction in these two different coverages. Thus, under the present state of facts where the injured party has sued the individual driver and the corporation which rented the truck as joint tort feasors alleging acts of negligence by the individual in that he ran a red traffic light causing the collision and also alleging negligence on the part of the company in that it was negligent in providing a truck with faulty brakes, both of the above enumerated coverages are available to the injured party. That is, the individual's liability is covered by the limits of the Georgia Motor Vehicle Safety Responsibility Act or 10,000/20,000/5,000, and the corporation's liability for providing a faulty vehicle is covered to the limit of $300,000.00, with $30,000.00 deductible. In other words, under this policy there are two different coverages

available, one based on the acts of individuals other than employees, etc., who rent from the company, and the other based upon the acts or omissions of the company and its agents, both coverages being available to the injured party where both have acted in some way to cause the injury complained of."

Plaintiff, as well as the Shells' individual insurer, being dissatisfied with this limit of liability as to the individual renters under U-Haul's policy, prosecute these appeals. We affirm in both cases.

1. It seems to be argued that *Southern Home Ins. Co. v. Willoughby,* 124 Ga. App. 162 (182 SE2d 910) (1971), holds that an insurance company is precluded from writing a policy with a different limit of liability for a certain class of insureds rather than to exclude the class completely. That case does not so hold and in any event is not controlling here. Coverage was afforded there for the customer's permissive use under the general omnibus clause which was not deleted by the endorsement at issue. Here, however, that clause as it originally stood was deleted and the clause which we have quoted above was substituted. Accordingly we need not review further the correctness of *Willoughby.*

2. Apparently recognizing that the endorsement does away with the original omnibus clause, the Shells' individual carrier seeks, in turn, to do away with the endorsement so as to revive the original clause. It is argued that since the endorsement was not countersigned as it was required to be, it did not become effective. See *Thigpen v. Bituminous Cas. Corp.,* 67 Ga. App. 367 (2) (20 SE2d 213) (1941). In response it is pointed out that the limits of liability contended for were set forth only in endorsements which were also issued in the same manner so that there would be no coverage if this rule were applied. The ruling contended for here would not benefit appellants.

3. The final argument is bottomed upon an endorsement providing, inter alia, "All coverages under this policy are subject to a $30,000.00 deductible. The maximum liability to the Company per occurrence is $270,000.00." Thus, it is argued, since a $30,000 deductible would nullify a limit of liability as provided for

in the Financial Responsibility Law, the most reasonable thing to do is to harken back to the original omnibus clause which would carry a $300,000 limit. As previously seen, however, that clause has been deleted and the effect of the construction contended for would be to nullify the endorsement. We find no fault with the trial court's ruling that the $30,000 deductible applies to the $300,000 limit and no deductible applies to the substituted omnibus coverage. That construction gives effect to all the endorsements, and we adopt it. "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Code § 20-704 (4).

*Judgments affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED MARCH 4, 1977; case no. 53526 REHEARING DENIED MARCH 16, 1977 —

*Greene, Smith, Davis & Dodson, Laurie C. Davis,* for Hendon.

*Elmer L. Nash,* for Unigard Insurance Group.

*Awtrey, Parker, Risse, Mangerie & Brantley, Dana L. Jackel, L. S. Cobb, Gambrell, Russell, Killorin & Forbes, David Handley, Jonathan Waller, Savell, Williams, Cox & Angel,* for appellees.