56197. STAR JEWELERS, INC. v. DURHAM et al.
56198. DURHAM v. STAR JEWELERS, INC. et al.

ARGUED JUNE 29, 1978 — DECIDED JULY 14, 1978 —
REHEARING DENIED JULY 31, 1978 IN CASE NO. 56197 —

*Smith, Shaw, Maddox, Davidson & Graham, James D. Maddox,* for appellant (Case no. 56197).

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Harold A. Horne, Jr., Harvey S. Gray, Hamilton & Minge, Jerry L. Minge, Downey, Cleveland & Moore, Robert H. Cleveland,* for appellees (Case no. 56197).

*Williston C. White,* for appellant (Case no. 56198).

*James D. Maddox, Jerry L. Minge, Robert H. Cleveland,* for appellees (Case no. 56198).

DEEN, Presiding Judge.

■ We first consider the cross appeal. Frances and Lonnie Durham were married for a number of years and had one daughter, Lori, aged seven at the time her father was killed in an automobile collision with a car driven by an agent of the defendant. After some years of separation the parties commenced living together again, and had done so for about six months when the death occurred. Frances Durham testified that they had not remarried, but had agreed that they would do so in the future if it appeared they could get along. No witness testified to the contrary. Frances denied having given information to be used in the death certificate, which listed her as "wife,"

but she signed an application for appointment as administratrix of the estate which listed her as wife, although she testified that she did not read the document or notice the error at the time. *Peacock v. Peacock,* 196 Ga. 441, 448 (26 SE2d 608) (1943), holds that the presumption of common law marriage arising from certain circumstances is overcome by testimony of the plaintiff which conclusively shows that she did not regard herself as the wife of the defendant. However, in the present case the plaintiff is charged with knowledge of the contents of her application for letters of administration and the statement there could have been taken by the jury as the admission of a party opponent and thus entitled to be believed although contrary to her testimony. Although the great weight of the evidence indicates that the parties had not agreed in praesenti to renew their spousal relationship, and it was because of this fact that Frances Durham brought the action in her capacity of next friend of her minor child, we cannot say as a matter of law that the jury had no right to find otherwise. The judgment on the cross appeal is affirmed.

■ *The right to add a party plaintiff in her individual capacity.* Francis Durham was a party to this action as guardian and next friend of her minor child and as administratrix of the father's estate, but she did not consider herself married to him at the time of his death and consequently in the original suit made no personal claim against the tortfeasor. Had the defendant raised this issue prior to the pre-trial hearing it might well have been settled at that point; however, the defendant's amendment was first allowed and filed on the day of the trial, and the jury, perhaps out of misguided sympathy for the plaintiff, chose to believe that she was in fact the wife of the deceased as she stated in her application for letters of administration. At this point it first became evident that the wrongful death action lay with her in her individual capacity (Code § 105-1302) and that she would hold the recovery for herself and her minor child in equal parts (Code §§ 105-1304, 113-903 (3)) rather than holding it all in trust for her child.

The defendant contends that Code § 81A-115 (b) is not pertinent to the situation because it was raised by the

defendant for the purpose of showing a misjoinder of actions, and not by the plaintiff to make a claim as a widow. This argument is too sophistical: It does not matter, until it is made to appear that there is a hiatus in the parties before the court, whether the issue is settled or not. It was raised by the defendant, but does not necessarily have the result hoped for by the defendant, that of dismissal of the case for lack of proper parties. "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Code § 81A-117. In view of the jury verdict, Frances Durham was the real party at interest. There is no provision for children of a deceased father to institute a wrongful death action while the widow is still in life. *Odom v. Atlanta & W. P. R. Co.,* 78 Ga. App. 477 (51 SE2d 466) (1949). This brings us back to Code § 81A-115 (b) which allows amendments of pleading to conform to the evidence, and to Code § 81A-115 (c) which specifies that such an amendment relates back to the date of the original pleading whenever the claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." It then continues by pointing out specifically that an amendment changing the party against whom a claim is asserted relates back to the date of the original pleading when these conditions are satisfied. Here we have an amendment changing not the party against whom but the capacity of the party by whom the claim is presented. It was the defendant who made the contention that Frances Durham as widow was the proper party plaintiff and it is in no wise harmed that the jury adopted its contention, or that the plaintiff, upon this resolution of the case, amended to conform to it. The amendments were properly admitted, and judgment entered accordingly. *Atlanta Newspapers, Inc. v. Shaw,* 123 Ga. App. 848 (182 SE2d 683) (1971); *Gordon v. Gillespie,* 135 Ga. App. 369 (217 SE2d 628) (1975). As to

the covalent federal rule, see Williams v. United States, 405 F2d 234 (8).

■ The defendant, prior to the pre-trial order, also alleged that the complaint failed to state a claim "in that there is a misjoinder of actions." Failure to state a claim results in dismissal; misjoinder does not. Code § 81A-121 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Here the jury was correctly instructed as to the claims for full value of the decedent's life and that for medical and funeral expenses and the verdict reflected the various elements of liability. There was no motion that the claims be tried severally. No error appears here.

■ "In all cases either party shall have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as is practicable and convenient, but no mere irregularity shall exclude the witness." Code § 38-1703. Under this section it has been held both that the exclusion of testimony offered by a witness who has remained in the courtroom after grant of a sequestration order was error (see *Wallace v. Mize,* 153 Ga. 374, 386 (7) (112 SE 724) (1922)) and that it is within the discretion of the trial court. *Jarrell v. State,* 234 Ga. 410, 420 (6) (216 SE2d 258) (1975). In one of its latest rulings on the subject the Supreme Court upheld the exclusion of testimony under these circumstances as being within the discretion of the trial court. *Wessner v. State,* 236 Ga. 162 (3) (223 SE2d 141) (1976). The judge here was asked and responded positively that he was making the ruling eliminating certain testimony offered by the defendant in the exercise of his discretion. The testimony was at best circumstantial. The question was whether the driver, who was interviewing debtors for her employer and who also intended to meet her husband at the end of the day, was in fact on a business errand or was driving toward the residence of a mutual friend in Acworth at the time of the fatal collision. The proposed witnesses offered to testify: "It was my understanding that she [told me] she was on her way to Myra's, but that has been so many years ago."

She then stated that this was her best recollection. In view of the fact that the ruling was discretionary, that the witness was obviously hesitant, and that the actual circumstances of the defendant driver's route were otherwise before the jury, we do not find this ruling to be reversible error. "It is the duty of the trial court to insure that the sequestration rule, once invoked, is adhered to." *Benefield v. State,* 140 Ga. App. 727, 731 (232 SE2d 89) (1976).

*Judgment affirmed. Smith and Banke, JJ., concur.*