## 59525. McELROY v. THE STATE.

DEEN, Chief Judge.

The sole ground for reversal urged is that the trial court committed error in refusing to allow a witness to be recalled to the stand for further testimony in violation of the sequestration rule (Code § 38-1703), which states both that witnesses *shall* be examined out of the hearing of each other and that "no mere irregularity shall exclude the witness." In the present case, after a protracted recess, a witness was called and the court, referring to the invoked rule of sequestration said, "Let's get all the witnesses out of the courtroom," whereupon a group of witnesses left the room. As the appellant recalled a second witness the court said, "Wait a minute. You asked for the rule and I instructed all the witnesses to step out and she hasn't done it." The attorney then said he did not know the witness failed to leave, at which the judge replied: "She was sitting right back there, and you looked at her when you told her to take the stand. I am not going to let her testify."

From the many cases reviewing rulings made after the sequestration rule was violated we find a confusing variety of appellate comments. All the cases emphasize that the trial court has a wide discretion in deciding whether to allow the testimony or not, and many emphasize that a *mere* irregularity is insufficient reason to bar the testimony. Exclusion of the offending witness' testimony has been reversed (*Baker v. State,* 131 Ga. App. 48, 51, 205 SE2d 79 (1974); *Wallace v. Mize,* 153 Ga. 374 (7), 112 SE 724 (1922)) while on other occasions exclusion of the testimony has been affirmed under the facts of the case combined with the discretion inherent in the ruling (*Thomas v. State,* 240 Ga. 441 (3), 241 SE2d 194 (1978);

*Wessner v. State,* 236 Ga. 162 (3), 223 SE2d 141 (1976); *Star Jewelers v. Durham,* 147 Ga. App. 68 (4), 248 SE2d 51 (1978); *Ransum v. Chattooga County Bd. of Education,* 144 Ga. App. 783 (2), 242 SE2d 374 (1978)). In still others the admission of such testimony has been affirmed. *Watts v. State,* 239 Ga. 725 (3) (238 SE2d 894) (1977); *Hudgins v. State,* 13 Ga. App. 489 (1) (79 SE 367) (1913).

In the present case the court obviously felt that the failure of the appellant's attorney to see that this witness left the courtroom when so instructed was at the least an impermissibly negligent action. No point has been made as to what her "impeachment" testimony would have been, and she had already completed her testimony in chief. We do not find the ruling under these circumstances to be an abuse of discretion.

*Judgment affirmed. Quillian, P. J., McMurray, P. J., and Shulman, J., concur. Birdsong and Carley, JJ., concur specially. Smith, Banke and Sognier, JJ., dissent.*

ARGUED MARCH 5, 1980 — DECIDED MAY 16, 1980.

*Floyd H. Farless,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.

CARLEY, Judge, concurring specially.
I concur in the result reached by the majority and I agree with all that is said in the majority opinion. I would like to observe that this court's sustaining of the exercise of the discretion of the trial court is mandated by the Supreme Court cases cited by the majority, to wit: *Thomas v. State,* 240 Ga. 441 (3) (241 SE2d 194) (1978); *Wessner v. State,* 236 Ga.162(3)(223 SE2d 141)(1976). The dissent is based upon *Shelton v. State,* 220 Ga. 610 (140 SE2d 839) (1965). Even assuming that the ruling in *Shelton* supports the rationale urged by the dissent, the later cases of *Thomas* and *Wessner* clearly control. *Hall v. Hopper,* 234 Ga. 625 (3) (216 SE2d 839) (1975).

I am authorized to state that Judge Birdsong joins in this special concurrence.

SOGNIER, Judge, dissenting.
I respectfully dissent from the majority's determination that a witness who has violated the sequestration rule in the judge's discretion may be barred from testifying. I am well aware of the rule that requires the proponent of a witness whose appearance is contested to submit an offer of proof for determination of the relevancy or materiality of such testimony before the witness may

be heard. And allegiance must be paid to the rule that such proffered testimony must be included in the record before we will consider an enumeration of error based on the refusal to permit such testimony. However, in the instant case we are not dealing with such an enumeration of error; rather, we are dealing with abridgment of the right of a defendant in a criminal case to present a witness in his own behalf *solely* because the witness had violated the sequestration rule.

A witness who had violated the sequestration rule was called by the defendant to impeach the testimony of a primary state witness. The judge refused to allow the witness to testify because she had violated the sequestration rule. In *Baker v. State,* 131 Ga. App. 48, 51 (2) (205 SE2d 79) (1974), this court held: "[W]hile there are many cases dealing with the court's discretionary power where sequestration has not properly been observed, the rule appears to be as stated in *McCartney v. McCartney,* 217 Ga. 200 (7), 201 (121 SE2d 785): 'A party's right to have the testimony of any witness, when material to the assertion of his rights, is unabridged, except by the exceptions under Code § 38-1603, and this right is unaffected by the rule of sequestration of witnesses under Code § 38-1703. [Cits.] Thus, the disobedience of an order of sequestration is a mere irregularity, subjecting the offender to punishment for contempt and may affect his credit as a witness, but it does not render the witness incompetent.' " Accord, *Shelton v. State,* 220 Ga. 610 (140 SE2d 839) (1965); *Baker v. State,* 143 Ga. App. 302, 305 (6) (238 SE2d 241) (1977). In my opinion this rule, in effect, states that a trial judge does *not* have discretion in such matters; rather, a party has an unabridged right to present witnesses in his own behalf, with certain exceptions not applicable here. While discretion might be more permissible in civil cases, the rule should be strictly construed in a criminal case. This is particularly true where, as here, the witnesses the defendant sought to impeach were 12 and 14-year-old children, one of whom was the alleged victim. Accordingly, I believe the trial court committed reversible error in refusing to allow the witness to testify.

I am authorized to state that Judge Smith and Judge Banke join in this dissent.