60910. CARTER HAWLEY HALE STORES, INC. v. SAXON.

MCMURRAY, Presiding Judge.

This is the case of the stolen fur coat (value $4,500). Kay Saxon (now known as Glenda Kay Saxon Tyber) stored her fur coat with Carter Hawley Hale Stores, Inc. (otherwise known as Neiman-Marcus), from whom she had purchased the fur coat some five months earlier. Because of the restrictive and expensive cost of insurance she only insured it for $500, having in existence a homeowner's insurance policy. Kay Saxon contends that it was explained to her that if she had a homeowner's policy she need not take out the full coverage since it would cost her $96 to store the $4,500 coat. She contends it was to be cleaned, stored and insured, for which she would be billed. The employee-agent of the store does not

dispute the above but contends that even though the fair market value of the coat was $4,500 she specifically explained to the customer (Kay Saxon) that the store's limit of liability would be only $500. The plaintiff customer did not agree that this was explained to her that the limit of liability would be only $500 nor that it was explained to her the fur coat would be stored elsewhere. The fur coat was thereafter stolen from the Regenstein store's parking lot in Buckhead in transit to Ram Leather Care, Inc., which does the storage for Neiman-Marcus. Kay Saxon was never charged for the storage or insurance or any other expense but was advised thereafter that the coat had been stolen.

Kay Saxon, as plaintiff, thereafter sued Carter Hawley Hale Stores, Inc. (Neiman-Marcus), for $4,500, setting forth the substance of the above facts, her petition being in two counts, one for breach of contract (a bailment) and the other for damages in failing to exercise extraordinary care in safeguarding the fur coat while it was in defendant's care, the defendant having demonstrated gross negligence in the care of her property.

Defendant was served on July 26, 1979, but failed to answer within the time required by law. However, an answer was thereafter filed on January 4, 1980, denying the claims but generally admitting the above facts with reference to the storage of the fur coat to be true and seeking to limit plaintiff's judgment to $500 only.

Following discovery with reference to many of the facts surrounding the storage of the fur coat, defendant filed a motion to open the default on June 3, 1980. It admitted that it did not file defensive pleadings within the time provided by law but that its answer of January 2, 1980, in effect shows that the owner can recover only $500 following discovery that defendant's limitation of liability for damages was as contained in a storage agreement attached to the motion, contending the agreed market value of the fur at the time of the loss was as shown to be only $500. It moved that it be allowed to open default for the limited purpose of disputing the damages claimed by the plaintiff, that is, the plaintiff be allowed only to recover $500. Attached to this motion was a facsimile of one of defendant's fur storage receipts whereby it agreed *"to store in its cold-storage vault* for the current season which ends on the 31st day of December following the date hereof, the property described . . ." (Emphasis added). It also agreed "to insure, but only to the limit set forth on the reverse side hereof, . . ." and that "LIABILITY FOR LOSS OR DAMAGE FROM ANY CAUSE WHATSOEVER WHILE THE PROPERTY IS IN OUR CUSTODY OR IN TRANSIT SHALL NOT BE MORE THAN THE AMOUNT STIPULATED IN THIS RECEIPT . . ."

The motion came on for hearing and the trial court held that the defendant "by failing to timely answer the Complaint, the defendant has admitted the material allegations in the Plaintiff's Complaint, has waived the above-mentioned defense and is barred from asserting such limitation on the trial of the case on damages."

The motion to open the default was denied. A final judgment was then entered holding the parties stipulated and agreed that the fair market value of the coat at the time of the loss was $4,500 and defendant's liability for the loss having been established by default, no further issues of fact are in dispute to be passed upon by a jury, and plaintiff was awarded the sum of $4,500. Defendant appeals. *Held:*

Plaintiff has never admitted a contractual value of the coat was only $500, but has pleaded its fair market value was $4,500, although insuring same for only $500. No other written agreement as to storage was ever alleged, shown, or agreed upon by and between the parties. The fur coat was stolen while in the possession of the defendant. In Count 2, plaintiff alleges this was due to the "demonstrated gross negligence" of the defendant. The above facts are admitted (that is, an admission as true, the well pleaded material facts alleged) by the defendant by its default. The defendant, being in default, at trial could only dispute the amount of damages and could not deny the injury to plaintiff by reason of the missing coat or deny defendant's liability therefor. See *Bendle v. Ortho Mattress, Inc.,* 133 Ga. App. 575 (2), 580 (211 SE2d 618); and *Flanders v. Hill Aircraft & Leasing Corp.,* 137 Ga. App. 286, 288-289 (223 SE2d 482), as to actions on contract; *Whitby v. Maloy,* 150 Ga. App. 575 (1) (258 SE2d 181), as to an action for damages. Compare *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (175 SE2d 901), a bailment, with assumption of risk of theft by contract; and *American Laundry v. Hall,* 27 Ga. App. 717 (1) (109 SE 676); *Red Cross Laundry v. Tuten,* 31 Ga. App. 689 (1) (121 SE 865), as to articles accepted by a bailee under Code Ch. 12-4. The defendant could not raise nor assert a contractual limitation of liability for damages after default.

The parties having stipulated the fair market value of the fur coat as $4,500, there was no jury issue remaining for determination as to damages for breach of the bailment or value of the missing coat.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED NOVEMBER 3, 1980 — DECIDED NOVEMBER 18, 1980.

*Robert C. Semler,* for appellant.
*Gilbert H. Deitch, Gerald B. Kline,* for appellee.