## 67189. WELDON v. WILLIAMS et al.

Sognier, Judge.

On October 1, 1981, Earnest Searcy was killed in an automobile collision. Willie Charles Weldon was the driver of one of the other vehicles involved. Searcy was survived by his mother, Mary Carter, and an illegitimate minor child. The child's mother, Monica Williams, applied to become the administratrix of Searcy's estate and in that capacity filed the instant wrongful death action against Weldon on March 25, 1982, alleging in her complaint that she was "bringing this action for the benefit of the next of kin and also those who received contribution from Earnest Searcy for their support." On March 26, 1982 Weldon's insurer, Dairyland Insurance Company, filed a complaint for declaratory judgment and interpleader and paid the proceeds of the insurance policy into the registry of the court. Weldon failed to answer the wrongful death action and the case went into default. Weldon's motion to open default was denied.

After the default, but before the damages trial in the death action, Mary Carter, the decedent's mother, filed a motion to intervene, alleging that she was the real party in interest and that the administratrix was not the proper party to bring the wrongful death action. While this motion was pending, the wrongful death action went to trial before a jury, the sole issue being the full value of the life of the decedent. At the damages trial, Williams testified without objection that she had qualified as administratrix of Searcy's estate and brought the death action "[b]ecause I have this child [the illegitimate child of the decedent] and I felt like that child should be taken care of the best way I can . . . ." Both before the trial and at the close of evidence, Weldon moved the court to grant summary judgment or alternatively to dismiss the action on the ground that Williams as administratrix had no cause of action against him. The trial court overruled Weldon's motion but reserved judgment on the verdict, indicating that it would dispose of the motion to intervene before allowing judgment to be entered. The jury returned a verdict of $150,000. Weldon's objections to the motion to intervene were disallowed. As between Mary Carter and Monica Williams, the motion to intervene was subsequently resolved by a settlement agreement to which both were parties and pursuant to which the trial court allowed an amendment adding Carter and the minor child by her next friend (and mother), Williams, as additional parties plaintiff. The trial court issued the final judgment for $150,000 against Weldon in favor of the three plaintiffs: Williams as administratrix, Carter, and the minor child b/n/f Williams. Weldon appeals.

1. Appellant contends that the trial court abused its discretion by denying his motion to open default based on good cause shown. In

an affidavit filed in support of his motion to open the default, appellant stated that he had received two sets of suit papers — the insurance company's interpleader and the appellee's wrongful death action — and did not understand that he was required to report the death action to his insurer. Appellant further claimed that despondency over certain personal difficulties had impaired his ability to look after his affairs.

On March 24, 1982, Dairyland Insurance Company's attorney was informed by the attorney for Monica Williams of the filing of a lawsuit against appellant. Dairyland's attorney telephoned the clerk of court, and being informed that no lawsuit had been filed at that time (it was filed the next day), wrote to appellant instructing him to forward any suit papers he received. On March 26, 1982, Dairyland's attorney proceeded to file the complaint for declaratory judgment and interpleader. He subsequently learned that Williams' action against Weldon had gone into default, at which time he and his firm undertook Weldon's defense and sought to open the default.

Without considering whether appellant has complied with all conditions for opening default (see *Clements v. United Equity Corp.*, 125 Ga. App. 711 (188 SE2d 923) (1972)), we hold that the facts and circumstances presented here do not demand a finding of excusable neglect, as appellant contends. Compare *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756-757 (240 SE2d 136) (1977). No excuse has been presented except inadvertence. See generally *Truck &c. Sales Corp. v. East Coast Transp. Co.*, 141 Ga. App. 85, 86 (232 SE2d 578) (1977). A refusal to open a default is discretionary, *Taurus Productions v. Maryland &c. Indus.*, 155 Ga. App. 147, 148-149 (270 SE2d 337) (1980), and we find no abuse of discretion on the part of the trial court here.

2. Appellant contends the trial court erred by refusing to stay the instant wrongful death action until the interpleader action filed by appellant's insurer could be heard. The trial court initially granted appellant a stay of proceedings in the instant action, but rescinded the stay approximately two months later on the motion of appellee Williams. The damages trial was held approximately five weeks later. We see no error.

" '(T)he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' [Cit.]" *Bloomfield v. Liggett & Myers, Inc.*, 230 Ga. 484, 485 (198 SE2d 144) (1973). We have reviewed the record and find that the trial court did not abuse its discretion in refusing to let the stay remain in effect. Further, the wrongful death action was entitled to priority over

the interpleader action as it was the first commenced, and service was perfected. *Wheeler v. Wheeler*, 229 Ga. 84, 85 (1) (189 SE2d 427) (1972). Finally, appellant, being in default, had no right to a stay, as he was entitled to dispute only the amount of damages. See *Carter Hawley Hale Stores v. Saxon*, 156 Ga. App. 488, 490 (274 SE2d 833) (1980). Thus, the trial court did not err by refusing to continue the stay of proceedings.

It appears that if there was an error, it was in appellant's failure to obtain a stay, as prayed for, *in the interpleader action.* The same counsel represented both the insurer, Dairyland, in the interpleader action, where appellant was a named defendant, and appellant in the death action. The two-month period during which the trial court in the death action stayed that case provided ample opportunity for pursuing and obtaining a stay in the interpleader action. This would have been the advisable course rather than to have relied upon appellant, as the defendant in a defaulted suit, to obtain a stay in the death action.

3. Appellant contends that the trial court erred in allowing Monica Williams to assert a wrongful death claim in her capacity as administratrix of the decedent's estate because she was not the real party in interest.

Appellant correctly points out that the default operates to admit "only the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom." *Stroud v. Elias*, 247 Ga. 191, 194 (275 SE2d 46) (1981). Thus, appellant is not precluded by operation of the default from showing that no claim existed which could allow Williams as administratrix to recover from him. Id. at 193 (2)-194; *Williams v. Appliances, Inc.*, 91 Ga. App. 608 (86 SE2d 632) (1955); *Thigpen v. Bituminous Cas. Corp.*, 67 Ga. App. 367, 368 (20 SE2d 213) (1942).

OCGA § 51-4-2 (a) provides that where there is no widow, "a child or children, either minor or sui juris may recover for the homicide of the . . . father . . . ." Under *Edenfield v. Jackson*, 251 Ga. 491, 495 (306 SE2d 911) (1983), such child may recover "whether legitimate or illegitimate." Thus, the proper party to have brought the wrongful death action was the decedent's illegitimate minor child by next friend, and not the administratrix of the estate (see *DeLoach v. Floyd*, 160 Ga. App. 728, 729 (2) (288 SE2d 65) (1981); *Campbell v. Western & Atlantic R.*, 57 Ga. App. 209 (1) (194 SE 927) (1938); OCGA §§ 51-4-2 (a); 51-4-5 (a)), nor the mother of the decedent (see *Clements v. Pollard*, 53 Ga. App. 544 (1) (186 SE 587) (1936); OCGA §§ 51-4-4; 19-7-1 (c)).

Nevertheless, we hold that the defect of failure of the proper party to bring the action was cured by the post-verdict amendment naming as an additional party plaintiff the minor child "b/n/f Monica

Williams." See *Star Jewelers v. Durham*, 147 Ga. App. 68, 70-72 (248 SE2d 51) (1978); OCGA § 9-11-15 (a) (c). See also *Atlanta Newspapers v. Shaw*, 123 Ga. App. 848, 852 (2) (182 SE2d 683) (1971). The instant action was brought by the child's mother, Williams, as administratrix "for the benefit of the next of kin and also those who received contribution from Earnest Searcy for their support." As previously stated, testimony was given without objection that Williams' purpose in bringing the action was to benefit the decedent's illegitimate child. We have heretofore allowed amendments to change the capacity of plaintiffs in wrongful death actions. See *Star Jewelers*, *Atlanta Newspapers*, supra. In *Star Jewelers* an estranged wife who brought a wrongful death action as guardian and next friend of the decedent's child was found by the jury to be the actual widow of the decedent. A post-verdict amendment adding the widow in her individual capacity was allowed, thus curing the defect of her having brought the action in the wrong capacity. In the instant case, Williams' error in bringing the action as the administratrix of the decedent's estate was cured by the post-verdict amendment adding the minor child b/n/f Williams and *effectively* changing Williams' capacity from administratrix to next friend of the decedent's minor child.

The pleadings and evidence in the record show that the nature of Williams' interest in the recovery, whether she proceeded as administratrix or next friend of the child, was the same — for the benefit of the child. See *Atlanta Newspapers*, supra at 852. For this reason, we see no prejudice to appellant.

In conclusion, we note that although Williams as administratrix and Mary Carter, the decedent's mother, were not the proper parties to bring the wrongful death action, their inclusion in the judgment as parties plaintiff pursuant to the settlement agreement among the plaintiffs was not prejudicial to appellant, as their presence was superfluous. Since the settlement agreement setting forth how the plaintiffs would share in the verdict was approved by the trial judge and not here challenged, the validity and binding effect of this agreement will not be disturbed on appeal.[1]

4. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

---

[1] It is of note that *Edenfield*, supra, which authorized the recovery by an illegitimate child for the wrongful death of a father, had not been decided by the Supreme Court at the time the settlement agreement was entered into and approved by the trial court. Thus, the settlement was based upon a legal uncertainty.

DECIDED MARCH 12, 1984 —
REHEARING DENIED MARCH 30, 1984 —

Richard B. Eason, Jr., for appellant.

Daniel I. MacIntyre IV, Kirby G. Bailey, James W. Watkins, for appellees.