### 32916. STATEN v. STATEN.

MARSHALL, Justice.

On March 8, 1977, the appellant husband filed a complaint for divorce against the appellee wife in the Echols Superior Court. The complaint alleged that their marriage was irretrievably broken.

On March 12, 1977, the wife was personally served with a copy of the complaint in Lowndes County, where she had moved following separation from the appellant. Although it appears from the record that the wife retained an attorney, no responsive pleadings were filed in the divorce action within 30 days, as required by Code Ann. § 81A-112 (a) (Ga. L. 1966, pp. 609, 622; as amended). The matter came on for a hearing before the trial judge without the intervention of a jury on April 19. The trial judge granted the divorce, awarded custody of the parties' minor child to the wife, and awarded the wife $25 per week child support, but no alimony.

On April 20, the wife filed a motion to vacate and set aside the divorce judgment. It was argued in the motion that the wife had a right to open the default under Code Ann. § 81A-155 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). Appended to the motion was an answer to the complaint which sought to dismiss the complaint on jurisdictional grounds.

On June 3, the trial court entered an order granting

the wife's motion to set aside and vacate the divorce judgment. On July 13, the court sitting without a jury rendered the final divorce judgment which differed from the earlier judgment in only two material respects: the wife was awarded attorney fees and the husband's interest in their jointly owned property was awarded to the wife as alimony. The wife's plea to the court's jurisdiction was denied. The husband appeals, enumerating error solely on the action of the trial judge in setting aside the earlier judgment.

This case is controlled by the rule in this state that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion, the judge may set it aside. See *Pinyan v. Pinyan,* 235 Ga. 847 (222 SE2d 36) (1976).

After reviewing the record, we find no abuse of discretion on the part of the trial judge in setting aside his earlier judgment in this case.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

SUBMITTED OCTOBER 28, 1977 — DECIDED JANUARY 5, 1978.

*A. W. Touchton,* for appellant.
*Bennett, Wisenbaker & Bennett, Jim T. Bennett, Jr., J. Converse Bright,* for appellee.