A91A1183. MORRIS v. CHEWNING et al.
(411 SE2d 891)

SOGNIER, Chief Judge.

Judy Morris, as temporary administrator of the estate of her child, Kimberly Ann Morris, brought suit against a hospital and a physician alleging negligence during the birth of Kimberly Ann which resulted in the child's death. Thirteen months later, Morris moved for leave to amend the complaint to add as plaintiffs herself and her husband, Wayne Morris, in their individual capacities as parents of the decedent. The trial court denied the motion, and Morris appeals.

The original complaint filed in this action alleged that appellant was admitted to appellee hospital on January 11, 1988, that she gave birth to twins by Cesarean section the following morning, and that one twin, Kimberly Ann, died on January 14 as a result of conditions arising from the knotting of the umbilical cord before delivery, which appellant alleged would have been detected through proper fetal monitoring. Appellant filed the lawsuit on October 2, 1989, alleging appellees' negligence proximately caused the death of the child and praying for "a judgment against [appellees] in an amount to exceed $10,000.00, and all damages as allowed by Georgia Law." She then filed her motion to amend the complaint on November 14, 1990, and the trial court denied the motion on January 4, 1991.

As appellant acknowledges, the right to recover for the full value of the life of the decedent, a minor child, lies in her parents, not in the administrator of her estate, OCGA §§ 51-4-4; 19-7-1 (c) (2) (A), which is why appellant sought leave to amend the complaint. The Civil Practice Act provides that a person who claims an interest in an action and is so situated that the disposition of the action in her absence may impair her interest *shall* be joined as a party if feasible, OCGA § 9-11-19 (a), and parties may be added by order of the court upon motion "at any stage of the action and on such terms as are just." OCGA § 9-11-21. Complaints may be amended to change the capacity of the plaintiff, *Atlanta Newspapers v. Shaw,* 123 Ga. App. 848, 852-853 (182 SE2d 683) (1971), as well as to add new plaintiffs. *Gordon v. Gillespie,* 135 Ga. App. 369, 374-375 (217 SE2d 628) (1975).

If leave is sought to change or add plaintiffs after the expiration of the statute of limitation, provided "the claim . . . asserted in the amended [complaint] arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint], the amendment relates back to the date of the original [complaint]." OCGA § 9-11-15 (c). See *Gordon,* supra. Additionally, for relation back to occur in such circumstances, there must be such an identity of interest between the old and new parties that relation back will not prejudice the defendant, *Gordon,* supra at 375, and there must have been no unexcused delay or laches prejudicial to the defendant. Id. at 376-377 (2); see *Franklyn Gesner Fine Paintings v. Ketcham,* 252 Ga. 537 (314 SE2d 903) (1984). OCGA § 9-11-15 (c) should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation. *Rich's v. Snyder,* 134 Ga. App. 889, 892-893 (216 SE2d 648) (1975).

We agree with appellant that the amendment she proposed met these requirements. The claim sought to be asserted by the new plaintiffs clearly arose out of the same occurrence as that alleged in the original complaint — i.e., the death of Kimberly Ann Morris as a proximate result of the alleged negligence of appellees. Although, as appellees argue, the original ad damnum clause, which was pleaded in the form required by OCGA § 9-11-8 (a) (2) for medical malpractice actions, did not expressly pray for damages for the full value of the decedent's life, see OCGA §§ 51-4-1 (1); 19-7-1 (c) (1), the original pleading " 'gives fair notice of the general fact situation out of which the claim arises' " and " 'specifie[s the] conduct of [appellees] upon which [appellant] relies.' " *Gordon,* supra at 375. Thus, allowing the amendment would not deprive appellees of any protection provided by the statute of limitation. Id. Whether bringing suit in her individual or representative capacity, appellant had the same beneficial interest in the subject matter of the litigation and was asserting a claim for recovery of damages resulting from the same alleged acts or omissions, see *Weldon v. Williams,* 170 Ga. App. 589, 591-592 (3) (317 SE2d 570) (1984), and the same is true of the decedent's father, Wayne Morris, the new party sought to be added. See *Gordon,* supra at 369-370, 375-376 (plaintiff sought to amend action for wrongful death of father to include siblings).

Moreover, there was no prejudicial delay. Appellant did not propose the amendment as a dilatory measure but instead sought in good faith to correct an inadvertent oversight. See *MCG Dev. Corp. v. Bick Realty Co.,* 140 Ga. App. 41, 43-44 (3) (230 SE2d 26) (1976). Allowance of the amendment would not place appellees at a disadvantage because they were on notice of the conduct and occurrence upon which the new complaint arose. " '(I)n and of itself, delay is not enough to warrant the denial of such a motion. It must be shown that

to allow the amendment will result in prejudice to the opposite party. (Cits.) ". . . [W]hile laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced." That the amendment might relate back and bar the application of the statute of limitation is not the prejudice referred to in that statement. . . .' [Cit.]" *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 735 (307 SE2d 530) (1983). "Mere delay in seeking leave to amend is not a sufficient reason for its denial. '(D)elay is not the sole controlling factor. It should not be permitted to defeat the policy of liberality in permitting amendment unless it will have prejudiced the plaintiff in some way.' [Cit.] . . . 'The Court does not take the position that [appellant] should be penalized because of an apparent oversight on behalf of [her] counsel. The sporting element of pleading is no longer with us.' [Cit.]" *MCG Dev. Corp.*, supra at 43 (2), 44 (3). Accord *Unicover, Inc. v. East India Trading Co.*, 154 Ga. App. 161, 162-163 (1) (267 SE2d 786) (1980). Under these circumstances, we hold the trial court abused its discretion by denying leave to amend. See *MCG Dev. Corp.*, supra.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Carley, P. J., Pope, Beasley, Cooper, JJ., and Judge Arnold Shulman concur. Andrews, J., dissents.*

ANDREWS, Judge, dissenting.

Since I find nothing in the record that shows the plaintiff's lack of laches or lack of unexcusable delay, I cannot agree that the trial judge, who heard all that was presented at the hearing which was not recorded for our review, abused his discretion in denying the motion to amend.

The complaint was filed October 17, 1989. The motion to amend was not filed until November 15, 1990.

" ' "The burden is on the party seeking amendment to show lack of laches or lack of unexcusable delay." (Cit.) The record reveals no attempt by (appellant) to satisfy this burden in the case sub judice. . . . As the record contains no showing of a lack of laches or inexcusable delay, we find no abuse of the trial court's discretion in its denial of (appellant's) motion to amend.' *Mulkey v. Gen. Motors Corp.*, 164 Ga. App. 752, 754-755 (3) (299 SE2d 48); rev'd on other grounds, 251 Ga. 32 (302 SE2d 550)." *Ostroff v. Coyner*, 187 Ga. App. 109, 113 (2) (369 SE2d 298) (1988).

" '(T)his court will not presume the trial court committed error where that fact does not affirmatively appear.' [Cits.]" *Green v. Sun Trust Banks*, 197 Ga. App. 804, 807 (3) (399 SE2d 712) (1990).

Therefore, I must respectfully dissent.

DECIDED OCTOBER 29, 1991.

*William N. Robbins, Gerald P. Ruleman*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray, Sullivan, Hall, Booth & Smith, Timothy H. Bendin, Mark A. Bayless*, for appellees.