A96A2301. JONES v. HEILIG MEYERS.
(477 SE2d 411)

McMURRAY, Presiding Judge.

This is an appeal by defendant Jones from the grant of a writ of possession of personal property in favor of plaintiff Heilig Meyers. On March 20, 1996, an order was entered denying the writ of possession. A week later, on March 27, 1996, the order was in effect vacated

when the municipal court amended the earlier order to state that "the COURT HEREBY denies the Writ of Possession, pending a hearing on said writ." The sole enumeration of error is that the municipal court erred in entering an order subsequent to an order finalizing a case. *Held*:

"Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused. During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered. . . . The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments save those which are founded upon verdicts." (Citations omitted.) *Whitlock v. Wilson*, 79 Ga. App. 747, 748 (54 SE2d 474). See also *Allstate Ins. Co. v. Clark*, 186 Ga. App. 58, 59 (2) (366 SE2d 394). The Municipal Court of Columbus, Georgia is a court of record with monthly terms of court which begin on the second Monday of each month. Ga. L. 1983, pp. 4443, 4451, 4452. It follows that the municipal court retained plenary control over the order entered on March 20, 1996, when that order was vacated on March 27, 1996. While defendant Jones had ample opportunity to question this exercise of the municipal court's discretion, nothing in this regard was developed on the record to rebut the presumption of regularity in the proceedings below. No error being shown on the record, we must affirm the judgment of the municipal court.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 21, 1996.

*Brace W. Luquire*, for appellant.

Andrew E. Austin, Henry Jackson, *pro se*, for appellee.