S03F1423. POPE v. POPE.
(588 SE2d 736)

SEARS, Presiding Justice.

In this divorce case, the appellant, Mary Pope, contends that the trial court erred in setting aside a judgment that had been entered in her favor against the appellee, Claud Pope. For the reasons that follow, we conclude that the trial court did not abuse its discretion in setting aside the judgment. Accordingly, we affirm.

Ms. Pope filed this divorce action against Mr. Pope in April 2001. Mr. Pope, who was not represented by counsel, was personally served with the petition for divorce, but did not file any responsive pleadings. The case subsequently was scheduled for trial, and Mr. Pope was not notified of the trial date. After the trial, at which Mr. Pope

did not appear, the trial court entered a final judgment, awarding Ms. Pope the parties' marital residence and all the personal property located therein. After the entry of the final judgment, the husband obtained counsel. Within the same term of court as the final judgment, the husband filed a motion to set aside the judgment, requesting that the court do so under its inherent power to control a judgment during the term in which it was entered. The trial court subsequently set aside the judgment, and after a bench trial, the trial court entered a final judgment. The court awarded Ms. Pope the parties' marital residence and most of the personal property located therein. The court awarded Mr. Pope a truck, some of the personal property located in the parties' home, and $50,000 as his share of the equity in the marital residence. Ms. Pope has now filed this appeal, contending that the trial court erred in setting aside its initial judgment.

During the term in which a judgment is entered, a trial court has plenary control over it and has the discretion to set aside the judgment " 'for irregularity, or because it was improvidently or inadvertently entered' "[1] and " 'for the purpose of promoting justice.' "[2] A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused.[3] However, a trial court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason.[4] In this regard, a trial court is granted the discretion to determine what is a meritorious reason for setting aside one of its judgments, and an appellate court may reverse that discretion only if it is manifestly abused.[5]

In the present case, Mr. Pope moved to set aside the judgment on the grounds that he was representing himself; that he mistakenly thought he had to sign something before his wife could obtain a divorce; that he did not receive notice of the final hearing on the divorce petition and did not attend the hearing; that the final decree of divorce awarded the parties' home and the personal property in it to Ms. Pope; that the home and the personal property consisted of over $50,000 of his non-marital property; and that this represented his life savings.

---

[1] See *Buice v. State*, 272 Ga. 323, 325 (528 SE2d 788) (2000), quoting *Jones v. Heilig Meyers*, 223 Ga. App. 277, 278 (477 SE2d 411) (1996). Accord *Bagley v. Robertson*, 265 Ga. 144, 146-147 (454 SE2d 478) (1995).

[2] *Buice*, 272 Ga. at 325, quoting *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989).

[3] *Buice*, 272 Ga. at 324.

[4] *Buice*, 272 Ga. at 325; *Bagley*, 265 Ga. at 147.

[5] Id.

In *Staten v. Staten*,[6] this Court addressed a case similar to the present one. There, the wife failed to file responsive pleadings after being served with the husband's petition for divorce. The wife did not receive notice of the final hearing on the divorce petition and a final judgment was entered after the hearing. Within the term of court in which the judgment was entered, the wife moved the trial court to set aside the judgment, and the trial court did so. The husband appealed, and we held that, during the term in which the judgment was rendered, it was within the trial court's sound discretion whether to set aside the judgment. Moreover, we held that in that case the trial court did not abuse its discretion in doing so.[7]

Similarly, in the present case, considering all the circumstances, including the lack of notice to Mr. Pope of the final hearing, we conclude that the trial court did not err in exercising its inherent power to set aside the judgment in question.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Shaffer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond*, for appellant.
*Brenda H. Trammell*, for appellee.

---

[6] 240 Ga. 478 (241 SE2d 237) (1978).
[7] Id.
[8] Id. Compare *James v. James*, 275 Ga. 165 (562 SE2d 506) (2002), and *Lucas v. Lucas*, 273 Ga. 240 (539 SE2d 807) (2000), in which this Court held that the trial courts did not err in denying motions to set aside filed by defendants who did not file responsive pleadings and who did not receive notice of the final hearings on the divorce petitions. The critical difference between *James* and *Lucas* and the present case is that this case concerns the inherent power of a court to set aside a judgment during the same term of court in which the judgment was rendered.