A06A0483. ROCKDALE HEALTH SYSTEM, INC. et al.
v. HOLDER.
(640 SE2d 52)

MILLER, Judge.

Karen Holder, as administratrix of the estate of Michael Hill, brought this medical and nursing malpractice suit against Rockdale Hospital, Inc. (the "Hospital"), its parent corporation, a doctor, and a nurse (collectively "Rockdale"), following the death of Holder's brother at the Hospital from alleged hypothermia. Holder filed suit, however, without attaching an expert affidavit to her complaint. Instead, she relied upon the exception contained in former OCGA § 9-11-9.1 (b), which entitled her to 45 days after the filing of her complaint to file her expert's affidavit since her complaint was filed within ten days of the expiration of the statute of limitation.

The Clayton County State Court granted Rockdale's motions to dismiss Holder's complaint for failure to timely file an expert's affidavit. Based on motions from Holder, however, the trial court later vacated its dismissal order and authorized the addition of the decedent's children as parties. On appeal, Rockdale contends that the trial court erred in vacating its order dismissing Holder's complaint, arguing that Holder was not entitled to the 45-day grace period to file her expert's affidavit under former OCGA § 9-11-9.1 (b).[1] Discerning no error, we affirm.

As an initial matter, we note that the trial court did not abuse its discretion in vacating its initial order dismissing Holder's complaint for failure to timely file an expert's affidavit. See *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003) ("A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused.") (footnote omitted). Rockdale's claims to the contrary notwithstanding, the record reveals that the original complaint, although not styled as a wrongful death action, nonetheless pled that Rockdale's negligence caused the decedent's death and sought judgment against Rockdale "in an amount in excess of $10,000 for all damages recoverable by law." The wrongful death statute permits the decedent's heirs to recover the full value of the decedent's life where a decedent dies as a result of another's negligence. See OCGA § 51-4-2 (a). A party does not need to specifically request the full value of a decedent's life in order to plead a claim for wrongful death. See *Morris v. Chewning*, 201 Ga. App. 658, 659 (411 SE2d 891) (1991).

Moreover, the record shows that Holder amended her complaint to reflect that she brought the action, not only in her capacity as the administratrix of the decedent's estate, but also as next friend of the decedent's minor children. This was proper. "Complaints may be amended to change the capacity of the plaintiff, as well as to add new plaintiffs." (Citations omitted.) *Morris*, supra, 201 Ga. App. at 658. Inasmuch as there is a direct connection between the old and new parties, the complaint, as amended, related back to the original complaint. Id. at 658-659; OCGA § 9-11-15 (c). Thus, there could be no prejudice to Rockdale from the amendment adding the new parties. *Morris*, supra, 201 Ga. App. at 659. Further, because the record shows that the decedent's children reached their majority after the complaint was filed, the trial court did not err in adding them as real parties in interest. OCGA §§ 9-11-15 (a), (c); 51-4-2 (a); *Star Jewelers v. Durham*, 147 Ga. App. 68, 71 (2) (248 SE2d 51) (1978).

---

[1] The statute was amended in 2005 to eliminate the 45-day grace period. See Ga. L. 2005, p. 3, § 3.

Rockdale concedes that this case, if for wrongful death, was filed within ten days of the expiration of the governing two-year statute of limitation. See OCGA § 9-3-33. In considering whether the foregoing entitles the decedent's children to avail themselves of the 45-day grace period allowed by former OCGA § 9-11-9.1 (b), we must determine whether OCGA § 9-11-9.1 (b) as amended to eliminate the 45-day grace period, should be applied retroactively. See Ga. L. 2005, p. 3, § 3 and p. 18, § 15. In the amendment, the General Assembly declared its intention "that *all other provisions of this Act [inclusive of* OCGA § 9-11-9.1] shall apply to causes of action *pending* on [*the effective date of the amendment, February 16, 2005*], unless such application would be unconstitutional." (Emphasis supplied.) Ga. L. 2005, p. 18, § 15.

The Supreme Court of Georgia has made clear that applying the amendment retroactively under circumstances like those present here would be unconstitutional for doing manifest injustice. See *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 411 (4) (395 SE2d 809) (1990) (dismissal of complaint for failure to file OCGA § 9-11-9.1 expert affidavit would have been manifestly unjust where dismissal would have occurred based on change in law while action already pending). Since the 45-day grace period under former OCGA § 9-11-9.1 (b) here is constitutionally required, Holder is entitled to the benefit of its provisions in this case.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 6, 2006.

*Huff, Powell & Bailey, Daniel J. Huff, Francesca G. Townsend, Jeffrey D. Braintwain, Owen, Gleaton, Egan, Jones & Sweeney, Amy J. Kolczak*, for appellants.

*Cochran, Cherry, Givens, Smith & Sistrunk, Hezekiah Sistrunk, Jr., Jane L. Sams, Mickiel D. Pete, Warren N. Sams III*, for appellee.