**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 3, 2020**

# In the Court of Appeals of Georgia

A19A1992. SEAY et al. v. VALDOSTA KIDNEY CLINIC, LLC et al.

A19A1993. TOTAL RENAL CARE, INC. et al v. SEAY et al.

MERCIER, Judge.

Following John Seay's death on July 23, 2014, Seay's estate and his surviving children (collectively, "the plaintiffs") sued multiple medical providers for wrongful death and other claims.[1] The defendants moved for summary judgment on the wrongful death claim, arguing that the plaintiffs lacked standing to recover. In a

---

[1] The complaint lists the following parties as defendants: Valdosta Kidney Clinic, LLC; Ven C. Chiang, MD; Total Renal Care, Inc. d/b/a Tifton Dialysis #2313; Saad Bedeir, MD; Davita Accountable Care Solutions, LLC; Davita RX, LLC; and John Doe I through v.

single order, the trial court granted judgment to "the Doctor and nurses"[2] on the wrongful death claim, but denied summary judgment on the claim to defendants that it referred to as the "technical providers."[3]

In Case No. A19A1992, the plaintiffs appeal from the portion of the trial court's order that entered judgment against them on the wrongful death claim. The technical providers who were denied judgment on the wrongful death claim cross-appeal in Case No. A19A1993.[4] For reasons that follow, we reverse in part and vacate in part the trial court's ruling in Case No. A19A1992, and we dismiss as moot the appeal in Case No. A19A1993.

---

[2] We note that the plaintiffs' complaint lists two doctors as defendants, but the case caption does not appear to include any nurses.

[3] The defendants' motions were styled as motions to dismiss or, in the alternative, motions for summary judgment. The trial court's order does not specify how it construed the motions, but it granted "[j]udgment . . . in the wrongful death action for the Doctor and nurses." It appears, therefore, that the trial court treated the motions as requests for summary judgment.

[4] The trial court's order does not identify these "technical providers" or specify by name which defendants received summary judgment on the wrongful death claim. The notice of cross-appeal in Case No. A19A1993, however, was filed by Total Renal Care, Inc. d/b/a Tifton Dialysis #2313, DaVita Accountable Care Solutions, LLC, and DaVita Rx, LLC. For ease of discussion, we will refer to these parties as the "technical providers."

The record shows that Seay was transported to a hospital emergency room by ambulance on July 20, 2014, after he began to bleed from the area where he received weekly dialysis treatments. He was admitted to the intensive care unit and died three days later. On July 22, 2016, the plaintiffs sued several of Seay's medical providers for wrongful death and other claims. Although Seay was married at the time of his death, his widow initially elected not to participate in the lawsuit.

Noting the widow's absence from the suit, the defendants moved for summary judgment on the wrongful death claim, arguing that the claim could not proceed without her as a plaintiff. On July 24, 2018, well after the two-year limitation period governing the plaintiffs' claims ended, see OCGA § 9-3-33, the plaintiffs filed a motion to add or substitute Seay's widow as a plaintiff. In December 2018, the widow also moved to intervene in the litigation. The trial court rejected these efforts, concluding that the attempts to add the widow as a party "came long after the statute of limitations had expired," and the widow was "not entitled to have her case relate back to the time of [the complaint's] initial filing." The trial court further found that the wrongful death claim "was not filed by the appropriate party." It thus entered judgment on that claim for "the Doctor and nurses," but (without further explanation) allowed the claim to proceed against the technical providers. These appeals followed.

3

1. The plaintiffs argue that the trial court erred in denying their motion to add Seay's widow as a plaintiff in the wrongful death action. We agree.

Generally, "[t]he surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the [death] of the spouse or parent the full value of the life of the decedent, as shown by the evidence." OCGA § 51-4-2 (a). Where a decedent has no surviving spouse or child, a surviving parent may bring suit. OCGA §§ 19-7-1 (c) (2), 51-4-4. And when "there is no person entitled to bring an action for wrongful death of a decedent," the administrator or executor of the decedent's estate may bring the claim. OCGA § 51-4-5 (a). In a typical case, therefore, a spouse has exclusive standing to bring a claim for the wrongful death of the decedent; if the decedent is unmarried, the decedent's children may recover, followed by the decedent's parents and (if the decedent has no surviving spouse, children, or parents) his or her estate. See OCGA §§ 19-7-1 (c) (2), 51-4-2 (a), 51-4-4, 51-4-5 (a).

Seay's widow was alive when the plaintiffs filed the wrongful death complaint, creating an issue as to standing. See OCGA § 51-4-2 (a); *King v. Goodwin*, 277 Ga. App. 188, 189-190 (626 SE2d 165) (2006) (affirming grant of summary judgment to

4

defendant on wrongful death claim where the estate (the only party plaintiff) lacked standing to sue). The plaintiffs attempted to resolve this issue by moving to add or substitute her as a party plaintiff pursuant to OCGA § 9-11-21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party. . . at any stage of the action and on such terms as are just." The trial court, however, denied the motion, noting that the statute of limitation on the wrongful death claim had "long" expired by the time the plaintiffs tried to add the widow as a party.

A trial court exercises its discretion in deciding whether to add a party to a lawsuit under OCGA § 9-11-21, and we will not reverse that decision absent an abuse of discretion. See *Rasheed v. Klopp Enterprises*, 276 Ga. App. 91, 92 (1) (622 SE2d 442) (2005). But in reaching its decision, the trial court must construe OCGA § 9-11-21 in conjunction with OCGA § 9-11-15 (c), which allows an amendment adding a party to relate back to the filing of the original complaint "[w]henever the claim . . . asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" See *Rasheed*, supra; *Morris v. Chewning*, 201 Ga. App. 658, 659 (411 SE2d 891) (1991). If a litigant meets the relation-back requirements in OCGA § 9-11-15 (c), a trial court abuses its

5

discretion by refusing to add a party on statute of limitation grounds. See *Rasheed*, supra; *Morris*, supra at 660.

Interpreting OCGA § 9-11-15 (c), we have held that an amendment adding a plaintiff to a lawsuit after expiration of the limitation period relates back to the original complaint when: (1) the amendment arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint; (2) an identity of interests exists between the old and new parties such that relation back will not prejudice the defendant; and (3) no prejudicial, unexcused delay or laches has occurred. See *Morris*, supra at 659. Mere delay in filing a motion to amend "is not enough to warrant the denial of such a motion." Id. Thus, "[w]hile laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced." Id. (punctuation omitted).

The plaintiffs' motion to add Seay's widow to the wrongful death litigation met these relation-back requirements. The proposed amendment would not have altered the substance of the wrongful death claim or changed the underlying circumstances set forth in the original complaint. It simply sought to incorporate the widow as a necessary party to the wrongful death action. Under these circumstances, the widow's

6

claim "clearly arose out of the same occurrence as that alleged in the original complaint – i.e., the death of [Seay] as a proximate result of the alleged negligence of [the defendants]." *Morris*, supra at 659. Moreover, an identity of interests exists between the plaintiffs and Seay's widow. The children and the estate would have been wrongful death claimants in other circumstances. See OCGA §§ 51-4-2 (a), 51-4-5 (a). And a surviving spouse who brings a wrongful death action under OCGA § 51-4-2 (a) "acts both as an individual and as a representative of any children of the deceased." *Emory Univ. v. Dorsey*, 207 Ga. App. 808, 809 (2) (429 SE2d 307) (1993); see also OCGA § 51-4-2 (d) (1) (amounts recovered by spouse in wrongful death action "shall be equally divided, share and share alike, among the surviving spouse and the children per capita").

Finally, there is no evidence of prejudice to the defendants or dilatory tactics by the plaintiffs. The original complaint was filed within the applicable statute of limitation, and the plaintiffs admitted in their motion to add Seay's widow that she initially did not want to participate in the lawsuit, but later changed her mind. We recognize that the statute of limitation expired on the wrongful death claim approximately two years before the plaintiffs moved to amend the complaint by adding the widow as a party. Again, however, "[m]ere delay in seeking leave to

7

amend [was] not a sufficient reason" for denying the plaintiffs' motion. *Morris*, supra at 660. Furthermore, the loss of a statute of limitation defense is not the type of prejudice necessary to foreclose such amendment. See *Rasheed*, supra at 94 (1) ("[P]rejudice, for purposes of OCGA § 9-11-15 (c), does not include the relation back of an amendment to before the expiration of the statute of limitation.") (citations and punctuation omitted); *Morris*, supra ("That the amendment might relate back and bar the application of the statute of limitation is not the prejudice [required to deny a motion to amend.]").

On appeal, the defendants argue that an amendment adding Seay's widow cannot relate back to the original complaint because that complaint was filed by parties without standing to bring the wrongful death claim, rendering the claim a nullity. But we have previously found relation back of an amendment appropriate where the initial wrongful death claimant lacked standing and amendment was necessary to add the proper party plaintiff to the suit. See *Morris*, supra at 658-660 (amendment adding parents in their individual capacities as claimants for wrongful death of child related back to date of original complaint, which was filed by child's mother in her capacity as administrator of the child's estate). In other words, the original claimant's lack of standing does not prevent an amendment from relating

8

back. See id. And we are mindful that "OCGA § 9-11-15 (c) should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation." *Jensen v. Engler*, 317 Ga. App. 879, 883 (1) (b) (733 SE2d 52) (2012) (citations and punctuation omitted). Similarly, the defendants' characterization of the plaintiffs as "placeholders" and Seay's widow as a "stranger" to the litigation lacks merit. These parties share a clear identity of interests arising out of the occurrence alleged in the complaint as originally filed.

Because the plaintiffs' proposed amendment adding Seay's widow to the litigation related back to the timely-filed original complaint, the trial court abused its discretion in refusing to include her as a plaintiff. See *Rasheed*, supra at 94-95 (1); *Morris*, supra. Its order denying the plaintiffs' motion to add the widow as a party, therefore, is reversed.

2. The plaintiffs further argue that the trial court erred in granting summary judgment to certain defendants on the wrongful death claim. The trial court based this ruling on its determination that (1) Seay's widow could not be added to the litigation, and (2) the wrongful death action had not been filed by the appropriate party. Given our decision in Division 1, the basis for the trial court's ruling – particularly regarding the widow's absence from the suit – is flawed. We therefore vacate the trial court's

9

summary judgment ruling and remand the case for further proceedings consistent with this opinion.

*Case No. A19A1993*

3. In this appeal, the technical providers challenge the trial court's summary judgment ruling to the extent it denied them judgment on the plaintiffs' wrongful death claim. In Case No. A19A1992, however, we vacated the trial court's summary judgment order and remanded the case for further proceedings. Accordingly, the technical providers' appeal of that ruling is dismissed as moot.

*Judgment in Case No. A19A1992 reversed in part and vacated in part, and case remanded. Case No. A19A1993 dismissed as moot. Barnes, P. J., and Brown, J., concur.*