**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 24, 2022**

# In the Court of Appeals of Georgia

A22A0160. MILDRED TOOMER, IN HER CAPACITY AS
    ADMINISTRATOR OF THE ESTATE OF MILTON
    MCBRIDE v. METRO AMBULANCE SERVICES, INC.

PINSON, Judge.

Milton McBride was injured when two employees of an ambulance company dropped him from a stretcher. He died more than a year later. The administrator of his estate, Mildred Toomer, sued the company and the two employees to recover for his injuries, just inside the statutory limitation period for personal-injury actions. But later, during discovery, Toomer learned that McBride's injuries from the stretcher incident caused his death, so she amended her complaint to add a wrongful-death claim. The trial court dismissed the wrongful-death claim as untimely.

We reverse. The new claim was timely because it related back to the original complaint under OCGA § 9-11-15 (c). The new claim arose out of the same core of

operative facts that gave rise to Toomer's initial negligence claims: McBride being dropped from the stretcher and sustaining serious injuries. The relation-back inquiry here is not affected by the rule that we must "strictly construe" the wrongful-death statute. That rule is not a true "strict construction" rule, but in any event, we are not interpreting that statute. Nor does *Miles v. Ashland Chem. Co.*, 261 Ga. 726, 727-28 (410 SE2d 290) (1991), which rejected a discovery rule for wrongful-death actions, have anything relevant to say about the relation-back question here. Finally, Toomer could properly add the claim because she was acting in the same capacity in filing each claim, and even if that were not so, adding the new claim was proper under the test set out in *Morris v. Chewning*, 201 Ga. App. 658, 659-60 (411 SE2d 891) (1991).

Background

Metro Ambulance Services provides non-emergency medical transport for patients who are non-ambulatory. On April 28, 2016, two Metro employees, Milagros Bracero and Keysha Ford, were taking Milton McBride back to his hospital room from a routine appointment. They were carrying McBride on a stretcher because he is paraplegic. But he had not been properly secured in the stretcher for transport, and he fell off the stretcher onto pavement. McBride sustained multiple injuries in the fall, including a fractured neck and spine.

McBride died on June 26, 2017. A little less than ten months later, on April 10, 2018, the administrator of McBride's estate, Toomer, brought a personal-injury action against Metro seeking damages for medical expenses and pain and suffering. This was just before the two-year statute of limitations for personal-injury actions expired. See OCGA § 9-3-33 ("[A]ctions for injuries to the person shall be brought within two years after the right of action accrues. . . .").

During discovery, Toomer consulted with an expert forensic pathologist, Dr. Matthias Okoye. After reviewing the medical records and evidence, Dr. Okoye opined that McBride's death was caused by complications from the neck fractures he suffered as a result of his fall from the stretcher. So on October 21, 2020—three years after McBride's death—Toomer amended her complaint under OCGA § 9-11-15 to add a claim for wrongful death against all of the defendants.

Metro moved to dismiss the wrongful-death claim, contending that it was barred by the statute of limitations. The trial court granted the motion. Toomer argued that the wrongful-death claim related back to the original complaint under OCGA § 9-11-15 (c), but the court reasoned that the wrongful death claim could not relate back to the initial complaint because (1) it did not arise from the same injury alleged in the initial complaint, (2) wrongful-death claims cannot take advantage of the

3

relation-back provision of OCGA § 9-11-15 (c), and (3) Toomer was acting in a different capacity in bringing the personal-injury claim than she was in bringing the wrongful death claim. We granted Toomer's application for interlocutory review of the trial court's order.

Discussion

When reviewing a trial court's ruling on a motion to dismiss an amended complaint as untimely, we evaluate "whether the facts provable under the amended complaint arose out of the conduct alleged in the original complaint." *Tenet Healthsystem GB, Inc. v. Thomas*, 304 Ga. 86, 89 (816 SE2d 627) (2018) (citation omitted). This "relation-back issue . . . is more analogous to a dismissal on the pleadings" and the proper standard of review is de novo. Id. (citation omitted).

1. A new claim in an amended complaint "relates back to the date of the original pleading" when it "arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Tenet*, 304 Ga. at 90; *Deering v. Keever*, 282 Ga. 161, 163 (646 SE2d 262) (2007). ("Under OCGA § 9-11-15, an amendment to a complaint may raise a new cause of action"). The idea is that allowing the amendment even after the limitation period has run does not deprive the defendant of a statute of limitation's protection from stale claims if the initial

4

complaint gave a defendant fair notice of the conduct, transaction, or occurrence giving rise to the amended complaint. *Morris v. Chewning*, 201 Ga. App. 658, 659-60 (411 SE2d 891) (1991). This relation-back provision is "liberally construed in favor of allowing amendments." *Deering*, 282 Ga. at 163.

The "same conduct, transaction, or occurrence" question "turns on fair notice of the *same general fact situation* from which the claim arises." *Tenet*, 304 Ga. at 90-91 (citation omitted; emphasis in original). Put another way, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 90 (citation and punctuation omitted). The new claim relates back if the factual allegations in the original complaint and those supporting the new claim in the amended complaint are "close in time, place, and subject matter, and involve events leading up to the same injury, such that there was but a single 'episode-in-suit.'" Id. at 91.

Just so here. Toomer's original complaint, filed in her capacity as administrator of McBride's estate, alleged negligence and sought to recover for McBride's "pain and suffering" as well as his medical expenses. As soon as Toomer obtained the opinion from her expert witness that McBride's death was likely caused by his fall from the stretcher, she amended the complaint to add a wrongful-death claim seeking

5

to recover for the "full economic value of [McBride's] life." That claim arises out of the same core of operative facts that gave rise to her initial negligence claims: McBride not being secured properly to the stretcher, falling from the stretcher to the pavement, and sustaining injuries to his neck and spine. Although the amended complaint newly alleges that those injuries (particularly the neck fractures) later led to McBride's death, it alleges the same episode as the root cause. Although the original complaint "did not expressly pray for damages for the full value of the decedent's life . . . the original pleading gives fair notice of the general fact situation out of which the claim arises and specifies the conduct of [the defendants] upon which [Toomer] relies." *Morris,* 201 Ga. App. at 659 (citation and punctuation omitted). This is enough for the wrongful-death claim to relate back to the original complaint under OCGA § 9-11-15 (c). See *Tenet*, 304 Ga. App. at 89-91 (patient who filed an initial complaint for professional negligence was permitted to file an amended complaint which related back for limitations purposes for additional counts of simple negligence when the alleged wrongful acts took place as a result of the same hospital admission for the patient's unstable spine); *Jensen v. Engler*, 317 Ga. App. 879, 883-84 (1) (b), (2) (733 SE2d 52) (2012) (amended complaint against surgeon, adding professional negligence and battery claims, related back, for

6

limitations purposes, to original timely complaint for ordinary negligence, when all claims arose from patient's gallbladder surgery, follow-up, and discharge).

2. The trial court declined to allow the new wrongful-death claim to relate back because "[t]he wrongful death statute of limitation is construed narrowly," and the court saw "nothing in OCGA § 9-11-15 that specifically addressed or altered the narrow construction." That reasoning has a couple of problems.

To begin with, we should clarify something about the rule of so-called "strict" or "narrow" construction of the wrongful-death statute, which allows recovery in cases in which the death of a human being results from negligence. See OCGA § 51-4-1 *et seq*. It is true that our Supreme Court has said that the wrongful-death statute, being in derogation of the common law, must be "strictly construed." *Thompson v. Watson*, 186 Ga. 396, 405 (197 SE 774) (1938), disapproved of on other grounds by *Walden v. Coleman*, 217 Ga. 599, 604 (124 SE2d 265) (1962). But each time the Court has said this or something like it, the Court has made clear that this is not quite a rule of strict construction in the usual sense—that is, it is not a tiebreaker that requires choosing the narrower construction when multiple reasonable ones are pressed. Instead, the Court simply explains that "[t]he express language of the Act will be followed" and "no exceptions to the requirements of the Act will be read into

7

the statute by the courts." *Tolbert v. Maner*, 271 Ga. 207, 208 (518 SE2d 423) (1999) (punctuation and footnote omitted); see also *Lovett v. Garvin*, 232 Ga. 747, 748 (208 SE2d 838) (1974) ("Since [the wrongful-death statute] gives a right of action not had under common law, it must be limited strictly to the meaning of the language employed and not extended beyond its plain and explicit terms."); *Thompson*, 186 Ga. at 405 (explaining that statutes "in derogation of the common law . . . must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute"). Those instructions sound a lot like what we already do when we interpret statutes: give the statutory text its "plain and ordinary meaning," "view[ed] in the context in which it appears," *Deal v. Coleman*, 294 Ga. 170, 172 (751 SE2d 337) (2013), and don't create judge-made exceptions not found in the statute, see, e.g., *Turner v. Georgia River Network*, 297 Ga. 306, 308-09 (773 SE2d 706) (2015) ("The doctrine of separation of powers is an immutable constitutional principle which must be strictly enforced. Under that doctrine, statutory construction belongs to the courts, legislation to the legislature. We can not add a line to the law."); *Morse v. SunTrust Bank, N.A.*, A22A0200, 2022 WL 1533841 at *7 (Ga. Ct. App. May 16, 2022) ("[I]t is not the judiciary's province to create exceptions

8

to statutes."). Those basic rules of statutory construction apply to the wrongful-death statute, too.[1]

But whatever that rule of construction's import for interpreting the wrongful-death statute, we can put it aside here, because we are not interpreting the wrongful-death statute. The question here is whether an otherwise proper wrongful-death claim (at this stage) added in an amended complaint relates back to the original complaint. We answer that question by applying the Civil Practice Act's relation-back provision, OCGA § 9-11-15 (c), not the wrongful-death statute. And if we conclude that the new claim relates back (and as we just explained, we do), even then "the general two-year statute of limitation for personal injury claims" applies, because the wrongful-death statute does not have its own statute of limitation. *DeKalb Med. Ctr., Inc. v. Hawkins*, 288 Ga. App. 840, 845 (2) (a) (655 SE2d 823) (2007), overruled on other grounds

---

[1] We also note that the common phrasing of the more general rule of construction about statutes in derogation of the common law—that such statutes are to be "strictly construed"—has been called "a relic of the courts' historical hostility to the emergence of statutory law." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 318-19 (2012). Although it makes sense to presume that a statute does not change the common law unless it does so clearly, if a statute *does* clearly change the common law, it is not apparent where a court would get the power to limit that clear change through a rule of construction. See *Turner*, 297 Ga. at 308-09.

recognized by *Ga. Dept. of Transp. v. Delor*, 351 Ga. App. 414, 420 (2) n. 25 (830 SE2d 519) (2019).[2]

Metro resists relation back based on *Miles v. Ashland Chemical Co.*, 261 Ga. 726, 727-28 (410 SE2d 290) (1991), which held that the "discovery rule" does not apply to claims for wrongful death: plaintiffs must file a wrongful-death claim within two years of the death, regardless of when they discover what caused the death. 261 Ga. at 726. . But that holding is not inconsistent with our holding here that the wrongful-death claim relates back to the original complaint. If a claim relates back to the original complaint, it is deemed filed as of the date of the original complaint. And here, that complaint was filed within two years of McBride's death. So Toomer's wrongful-death claim is timely without applying a discovery rule.

---

[2] In the related contexts of tolling and renewal actions, we have not read special wrongful-death exceptions into the relevant statutes. See *DeKalb Medical Ctr.,* 288 Ga. App. at 844-48 (holding that the provision which tolls the statute of limitation for minor plaintiffs, OCGA § 9-3-90 (a), applied to a minor's claim for the wrongful death of a parent and extended the limitation period until the plaintiff reached the age of majority); *Somani v. Cannon*, __ Ga. App. __ (1) (872 SE2d 9) (2022) (tolling of two-year limitation period for minor child's wrongful death action did not end, and limitation period did not begin to run, when conservator previously filed wrongful death lawsuit on child's behalf against other defendants); *Stokes v. Hill*, 324 Ga. App. 256, 257 (749 SE2d 819) (2013) (recognizing that when plaintiff filed and dismissed a wrongful death lawsuit within the two-year statute of limitation that she later dismissed, plaintiff had the right to file one renewal action under OCGA § 9-2-61 that would relate back to the original suit).

Metro also points out that the *Miles* Court declined to apply the discovery rule to wrongful-death claims based on the Court's belief that "[t]o prolong the running of this period would be to subject the defendants to potentially infinite liability and is counter to the policy underlying statutes of limitation." Id. at 728. But for one thing, relation back does not toll a statute of limitation like a discovery rule does. Relation back is but a limited means of turning back the effective filing date for a set of factually related claims. For another, relation back does not subject defendants to "potentially infinite liability," because only the limited universe of claims that arose from the same conduct, transaction, or occurrence may be added. And finally, in any event, those kinds of policy concerns cannot override the plain language of the Civil Practice Act, which allows relation back under these circumstances without limiting the kinds of claims that may take advantage of it.

3. In ruling that Toomer's wrongful-death claim was time-barred, the trial court also noted that Toomer was acting in a different capacity than when she filed the original complaint.[3]

---

[3] Metro argues that Toomer waived this argument because she did not raise it below. But the trial court's order granted the defendants' motion to dismiss in part because it found that she was acting "in a different legal capacity as administrator of the estate (personal injury claim) and as heir of the decedent (wrongful death claim)." Because the trial court ruled on this basis, it is properly before us. See, e. g.

11

First, we reject the premise that Toomer was acting in a different capacity. She had the statutory right to bring both the initial personal-injury action under OCGA § 9-2-41 and the wrongful-death claim under OCGA § 51-4-5 (a) in her capacity as the administrator of McBride's estate.[4] And neither the trial court nor Metro offer any basis for concluding that having different statutory authority for the two claims somehow precluded application of the relation-back provision.

Second, even if Toomer were acting in different capacities in filing her initial and amended complaints, that would not end the inquiry. Complaints "may be amended to change the capacity of the plaintiff," and the amended complaint will relate back to the original one if the three-part test in *Morris*, 201 Ga. App. at 659, is met. This test requires a plaintiff to show that (1) the claim "asserted in the amended

---

*Lafontaine v. Alexander*, 343 Ga. App. 672, 679 (6) n. 8 (808 SE2d 50) (2017).

[4] Code Section 9-2-41 provides that "No action for a tort shall abate by the death of either party. . . . The cause of action, in the case of the death of the plaintiff and in the event there is no right of survivorship in any other person, shall survive to the personal representative of the deceased plaintiff." And OCGA § 51-4-5 provides that the administrator or executor of the decedent's estate may bring a wrongful-death claim when "there is no person entitled to bring an action for the wrongful death of a decedent." OCGA § 51-4-5 (a); see *Seay v. Valdosta Kidney Clinic LLC* 353 Ga. App. 378, 379 (1) (837 SE2d 529) (2020). Although a wrongful-death claim generally belongs to a surviving spouse, child or surviving parents, see OCGA § 51-4-2 (a), at the time of his death, McBride had no spouse or children and his parents were deceased.

12

complaint arises out of the conduct, transaction, or occurrence set forth" in the original complaint, (2) there is an "identity of interest between the old and new parties," and (3) relation back will not prejudice the defendant. *Morris,* 201 Ga. App. at 659.

Toomer would pass that test here. We have already explained why the wrongful-death claim in the amended complaint arose from the same conduct, transaction, or occurrence set forth in the original complaint. Toomer also "had the same beneficial interest in the subject matter of the litigation and was asserting a claim for recovery of damages resulting from the same alleged acts or omissions." *Morris*, 201 Ga. App. at 659. And finally, there was no prejudicial delay because Toomer "did not propose the amendment as a dilatory measure but instead sought in good faith" to add the wrongful death claim as soon as it was brought to her attention. *Morris*, 201 Ga. App. at 659; see *Seay*, 353 Ga. App. at 382 (1) (trial court should have permitted amendment to wrongful death complaint to add patient's widow as plaintiff outside the statute of limitation to relate back to the initial complaint filed by patient's estate and children when parties shared an identity of interests and claim arose from occurrences alleged in original complaint).

\*

13

For the above reasons, we conclude that Toomer's wrongful-death claim was timely, and so we reverse the trial court's order granting Metro's motion to dismiss Toomer's amended complaint.

*Judgment reversed. McFadden, P. J., and Gobeil, J., concur*.