**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 23, 2025**

# In the Court of Appeals of Georgia

A25A0272, A25A0292. BREWER v. SAMSUNG ELECTRONICS AMERICA, INC.; and vice versa.

DAVIS, Judge.

In this second appearance of this product liability case before this Court,[1] Jordan Brewer seeks review of the trial court's order setting aside a $10 million default judgment against Samsung Electronics America, Inc. due to improper venue. For its part, Samsung cross-appeals from the denial of its motion to open default. In Case No. A25A0272, we reverse the trial court's order setting aside the final judgment because venue was proper in Chatham County. In Case No. A25A0292, we affirm the denial of Samsung's motion to open default because it was filed after the final judgment.

---

[1] See *Samsung Electronics America, Inc. v. Brewer*, 368 Ga. App. 608 (890 SE2d 498) (2023).

> During the term in which a judgment is entered, a trial court has plenary control over it and has the discretion to set aside the judgment for irregularity, or because it was improvidently or inadvertently entered and for the purpose of promoting justice. A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, a trial court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason. In this regard, a trial court is granted the discretion to determine what is a meritorious reason for setting aside one of its judgments, and an appellate court may reverse that discretion only if it is manifestly abused.

(Citations and punctuation omitted.) *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003).

In July 2020, Brewer filed the underlying action in Chatham County Superior Court against Samsung and two other defendants after Brewer was injured by an e-cigarette device. According to the complaint, Brewer purchased the device at a store in Chatham County in January 2019. At the time of purchase, store employees installed batteries and showed Brewer how to use the device, but they did not give Brewer any instructions or warnings about the device or batteries. Six months later, Brewer was injured at his home when a battery in his e-cigarette exploded in his pocket. Brewer alleged that the defendants, including Samsung, had negligently

designed, manufactured, distributed, and sold the battery used in the e-cigarette, and they had failed to warn Brewer of the risks and harms associated with the battery, causing him serious injury. Brewer was a resident of Effingham County when he filed the complaint, but he alleged that the explosion had occurred while living in Pooler, Georgia. Brewer asserted that venue was proper in Chatham County because a substantial portion of the events giving rise to his action occurred there and because one of the defendants resided in Chatham County. As our prior opinion detailed,

> Samsung failed to file an answer or responsive pleading to the lawsuit within 30 days of the date of service, i.e., August 19, 2020, which placed it in default by operation of law. Samsung still had not filed an answer or responsive pleading within 45 days of the date of service, i.e., September 3, 2020, which meant it could no longer open the default as a matter of right. See OCGA § 9-11-55 (a). On September 10, 2020, Brewer filed a motion for default judgment against Samsung and to drop the remaining defendants from the lawsuit. On September 16, 2020, the trial court issued an order declaring Samsung in default on the issue of liability and scheduled a damages hearing for October 9, 2020. According to the court, Samsung's registered agent was served with a copy of the default judgment, and the Clerk had followed the usual practice of issuing a notice of the damages hearing to Samsung. Following the damages hearing, on October 12, 2020, judgment was entered in favor of Brewer and against Samsung in the amount of $10,860,972 as "general and special damages, past and future."

3

. . .

On December 4, 2020, during the same term of court, Samsung filed a motion to set aside the default judgment, or in the alternative, motion for new trial. Relying on the trial court's authority to set aside its judgment within the same term of court in which it was entered, Samsung argued that there were "meritorious grounds" to set aside the default judgment, including that it was the wrong party; the court lacked personal jurisdiction over Samsung because the sole resident defendant had been dismissed from the case; the judgment resulted from fraud and/or mistake; Samsung had not received notice of the damages hearing; OCGA § 9-11-5 (a), which addresses waiver of notice for failure of a party to file pleadings, was unconstitutional; and the damages awarded on the default judgment were grossly excessive and violated the Eighth and Fourteenth Amendments.

By the time of the pending motion to set aside the judgment, the initial trial court judge who entered the default judgment had assumed senior judge status, and a new trial court judge had been assigned to the case. Following a hearing on the motion, on January 7, 2022, the newly assigned judge granted Samsung's motion to set aside the judgment awarding "damages in excess of $10 million," concluding that the significant award of damages should be reconsidered due to the limited evidence in the record, the discrepancy between the special damages and the overall award, and the judgment's failure to break down the types of damages awarded.

. . .

Subsequent to the grant of Samsung's motion to set aside the default judgment, on January 24, 2022, Samsung filed a motion to open the default pursuant to OCGA § 9-11-55 (b). Following a hearing, the trial court denied the motion, concluding that Samsung had met and satisfied the preconditions for opening the default by making a showing under oath, offering to plead instanter, announcing ready to proceed to trial, presenting a meritorious defense under oath (that it was not the party responsible for the manufacture or distribution of the battery), and paying the court costs to the clerk of court. The court further concluded, however, that Samsung had failed to establish that this was a proper case to open default judgment, specifically rejecting the company's argument that "it is not a proper party to the lawsuit and that manifest injustice would result if it were not permitted to open the default and present this argument." Characterizing Samsung's action in pursuing its company protocol in response to similar lawsuits as "a failed legal strategy" that was "willful and deliberate and done with indifference to the correct legal process or else was gross negligence," the trial court chronicled Samsung's response from the time it was served on July 22, 2020, until December 4, 2020, when "Samsung finally filed its motion to set aside the judgment." The trial court recounted that Samsung had failed at every step to follow its own procedure in this case. It did not follow up with Brewer's attorney, did not timely send the promised documentation to support its assertion that it was not the responsible party until after the judgment was entered, and did not obtain a voluntary dismissal. The trial

5

court summarized that "in a case where a party's legal department is fully aware of the existence of a lawsuit and wilfully and continually ignores the associated legal responsibilities that accompany being sued for extended periods of time, there is no proper case to open default."

(Citations and punctuation omitted.) *Samsung Electronics America, Inc. v. Brewer*, 368 Ga. App. 608, 609-612 (890 SE2d 498) (2023).

On appeal, we vacated the trial court's order granting Samsung's motion to set aside, concluding that the trial court improperly shifted the burden of proof from Samsung to Brewer by construing the incomplete record and the lack of a transcript of the damages hearing against Brewer rather than Samsung. *Brewer*, supra, 368 Ga. App. at 616 (1). On remand, the trial court reconsidered all the grounds that Samsung had previously raised, not just the excessiveness of the monetary award. After applying the proper burden of proof, the trial court rejected Samsung's challenge to the amount of the damages award. As it had before, the court also rejected all the other grounds raised by Samsung, except for one: the trial court now agreed with Samsung that venue was not proper in Chatham County. The court found that, while Samsung, a nonresident defendant, had admitted all the allegations of the complaint, those admissions were not dispositive because residency venue vanished once the Chatham

County defendant was dismissed, and Brewer's allegations did not support a finding that the action otherwise originated in Chatham County. Instead, the court found that the action originated in Effingham County where Brewer was injured. Based on these findings, the court again set aside the judgment, this time for improper venue, and indicated that the case would be transferred to a proper venue for further proceedings. We granted Brewer's application for interlocutory appeal.

*Case No. A25A0272*

1. In this case, Brewer challenges the trial court's order setting aside the judgment due to improper venue on numerous grounds. Because the trial court erred by concluding that venue was improper in Chatham County, we reverse the trial court's order setting aside the final judgment.

(a) Under Georgia law, venue is proper "[i]n actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated." OCGA § 14-2-510 (b) (4). A product liability cause of action for personal injury accrues at the time of injury. See *Browning v. Maytag Corp.*, 261 Ga. 20, 21 (401 SE2d 725) (1991) (product liability claim based on a defective clothes dryer that caught fire accrued at the time of the injury). Thus, venue would be proper if the injury, i. e., the

7

explosion, happened within Chatham County. In his complaint, Brewer alleged that the explosion happened at his residence on 330 Katama Way in Pooler, Georgia, and we may take judicial notice of the generally known and indisputable fact that this address and Pooler, Georgia, are located within Chatham County.[2] Because Samsung is in default, this allegation stands as admitted. *Brewer*, supra, 368 Ga. App. at 609 n.5 ("By virtue of its default, Samsung admitted to the claims alleged in the complaint. A defendant in a default is in the position of having admitted each and every material allegation of Brewer's petition except as to the amount of damages alleged.") (citation and punctuation omitted). Thus, Brewer's injury occurred in Chatham County, and venue was therefore proper there.

The trial court concluded that venue was improper because the vaping device "exploded at [Brewer's] home in Effingham County[,]" but this is a clearly erroneous factual finding. While Brewer alleged in his complaint that he was a resident of Effingham County at the time he filed his complaint, the complaint alleged that the

---

[2] See OCGA §§ 24-2-201 (b) (2) ("A judicially noticed fact shall be a fact which is not subject to reasonable dispute in that it is . . . [c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); 24-2-201 (c) ("A court may take judicial notice, whether or not requested by a party."); 24-2-201 (f) ("Judicial notice may be taken at any stage of the proceeding.").

explosion happened at 330 Katama Way in Pooler, Georgia, which is in Chatham County. We therefore reverse the trial court's order setting aside the final judgment based on improper venue.[3]

(b) Samsung nevertheless argues that we may affirm the trial court's order setting aside the final judgment under our "right for any reason" rule,[4] citing three of its arguments that the trial court rejected below. Specifically, it argues that the trial court abused its discretion by declining to set aside the judgment because (a) Samsung was an improper party; (b) Samsung did not receive notice of the damages hearing; and (c) the amount of damages was excessive. None of these arguments are meritorious.

First, as for Samsung's argument that it was an improper party, the trial court rejected this argument as a basis for setting aside the judgment because Samsung did

---

[3] Given our conclusion that venue was proper in Chatham County, we do not reach Brewer's other arguments concerning venue or the denial of his motion for reconsideration.

[4] "Under the right-for-any-reason rule, we will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied . . . so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond." (Citation omitted.) *Perry v. Emory Healthcare Svcs. Mgmt., LLC*, 374 Ga. App. 41, 47 (911 SE2d 229) (2025).

not offer a meritorious reason why it could not timely present this defense. "[W]henever a motion is made to vacate a judgment, even during the term at which the same was rendered, the movant must allege and prove some reason good in law why he had failed to make his defense at the time required." *Brewer*, supra, 368 Ga. App. at 614 (1). While Samsung makes compelling arguments on the merits of its defense, it again failed on appeal to offer a meritorious reason why it could not timely present this defense. Thus, we will not disturb the trial court's ruling on this issue.

As for Samsung's argument that it failed to receive notice of the damages hearing, our law is clear that "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial and entry of judgment[.]" OCGA § 9-11-5 (a). Thus, because Samsung failed to file any responsive pleadings, it was not entitled to receive notice of the final damages hearing. *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 779 (3) (556 SE2d 468) (2001) (party in default who failed to file a pleading was not entitled to notice of the final damages hearing). While we have held that a trial court does not abuse its discretion by setting aside a default judgment based on lack of notice, see, e.g., *Pope*, supra, 277 Ga. at 334, a trial court is not required to do so, and we cannot

say that the trial court abused its discretion by failing to set aside the judgment based on lack of notice.

Finally, as for the argument that the damages were excessive, Samsung mainly points to the documentary evidence in the record for its argument that the amount of damages is unsupported. But we note, as the trial court did, that no transcript of the damages hearing appears in the record. Without a transcript, it is impossible for us to determine what evidence in the form of testimony or otherwise was actually presented at the hearing regarding Brewer's damages in addition to whatever documentary evidence the parties tendered. "[I]n the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists." (Citation omitted.) *Roth v. Crofton*, 363 Ga. App. 254, 256 (2) (870 SE2d 804) (2022). We cannot say that the trial court abused its discretion by failing to set aside the judgment on this basis.

Accordingly, we decline Samsung's suggestion to affirm the trial court's order under our "right for any reason" rule.

*Case No. A25A0292*

2. In its cross-appeal, Samsung challenges the trial court's denial of its post-judgment motion to open default. However, as we noted in the prior appeal in this case, *Brewer*, supra, 368 Ga. App. at 616-617 (3), the default statute states that

> *[a]t any time before final judgment*, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause . . . or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court.

(Emphasis supplied.) OCGA § 9-11-55 (b). Because we have reversed the trial court's order setting aside the final judgment, there is now a valid final judgment that was entered before Samsung moved to open default, and so default cannot now be opened under this statute. *Granite Loan Solutions, LLC v. King*, 334 Ga. App. 305, 310 (3) (c) (779 SE2d 86) (2015). We are therefore required to affirm the trial court's order denying Samsung's motion to open default.

Accordingly, for the reasons stated above, we reverse the trial court's order setting aside the judgment in Case No. A25A0272, and we affirm the trial court's order denying Samsung's motion to open default in Case No. A25A0292.

*Judgment affirmed in Case No. A25A0292. Judgment reversed in Case No. A25A0272. Rickman, P. J., and Gobeil, J., concur.*